## REID v. McCALLISTER *et ux.*

*(Circuit Court, D. Oregon. April 24, 1885.)*

EQUITY—PLEADINGS AS EVIDENCE—MORTGAGE PROCURED BY FRAUD.

In a suit to enforce the lien of a mortgage against a husband and wife, the wife answered, admitting that she signed the instrument, but only upon the false and fraudulent representations of the complainant's agent, who obtained her signature and acknowledgment, and that she was ignorant, and unable to read. A general replication was filed, and the cause was heard on the pleadings alone. *Held,* that the allegations of fraud were not new matter in avoidance, but were responsive to the bill, and were sufficient to prove that the wife did not execute the mortgage.

In Equity. Bill by William Reid to foreclose a mortgage against Hardin McCallister and Julia McCallister, his wife. Heard on the pleadings without other evidence. Bill dismissed.

*Ellis G. Hughes,* for plaintiff.

*Henry Ach,* for defendant Julia McCallister.

DEADY, District Judge. This suit is brought to enforce the lien of a mortgage executed by the defendants on November 25, 1879, on 408 acres of land in Marion county, as a security for a loan of $7,000, to the defendant Hardin McCallister, the husband of the defendant Julia McCallister.

The bill was taken for confessed as against the former, but the wife answered, alleging that one-half the premises belonged to her, and admitting that she signed the instrument, but only upon the false and fraudulent representation of the plaintiff's agent, who obtained her signature thereto and took her acknowledgment of the same; that the mortgage did not include her portion of the premises, but only that of her husband; and that she was an ignorant woman, and unable to read or write.

To this answer there was a general replication, and afterwards the case was heard on the pleadings, without any evidence other than that contained therein.

The answer, so far as it is responsive to the bill, is evidence for the defendant making it; but if the defendant, by his answer, admits a fact alleged in the bill, and then sets up another matter in avoidance thereof, this matter in avoidance is not responsive to the bill, and his answer is not evidence of it. *Clarke* v. *White*, 12 Pet. 190; *Tilghman* v. *Tilghman*, Baldw. 494; *Randall* v. *Philpips*, 3 Mason, 383; *McCoy* v. *Rhodes*, 11 How. 140; *Hart* v. *Ten Eyck*, 2 Johns. Ch. 87.

In this connection matter in avoidance is something subsequent to and distinct from or *dehors* the fact admitted; but, if the admission and avoidance constitute one single fact or transaction, the answer is evidence of both. *Hart* v. *Ten Eyck*, *supra*, 88, and note.

The plea of *non est factum* denies the execution of the deed by the defendant, puts the fact of execution in issue, and under it you may prove, because comprehended in it, that the defendant was imposed upon, and put her name to the paper under an erroneous impression as to its character or contents. *Van Valkenburgh* v. *Rouk*, 12 Johns. 338; 2 Greenl. Ev. § 246; Chit. Pl. 519; 2 Phil. Ev. 148. And so here the answer is competent, and, until contradicted, sufficient evidence that the defendant put her name to this instrument under an entirely erroneous impression of its contents, which impression was designedly produced by the false representations of the plaintiff's agent.

The only conclusion from the premises is that the defendant Julia McCallister did not execute the mortgage, so far as her portion of the premises is concerned, and, as to that, the bill must be dismissed.

Afterwards the plaintiff had leave to reinstate the case, and take testimony to prove the due execution of the mortgage, notwithstanding the averment in the answer to the contrary, which was done, and a decree given enforcing the lien of the mortgage upon the property of the defendant Julia McCallister.