### CHEESMAN *et al. v.* SHREVE *et al.*

*(Circuit Court, D. Colorado.* December 13, 1888.)

1. MINES AND MINING—TRESPASSERS.
   Parties who attempt to enter, beneath the surface, within the side lines of the lands of another, and to mine and take ore therefrom, are *prima facie* trespassers.
2. SAME—COURTS—FEDERAL JURISDICTION.
   Where such entry is claimed to be made under the mining laws of the United States, and the right to enter turns upon the construction to be given to such laws, the case is within the jurisdiction of the United States circuit court.
3. INJUNCTION—PRELIMINARY—DISPUTED LEGAL TITLE—CONFLICTING AFFIDAVITS.
   Where the affidavits are conflicting, a preliminary injunction will be issued against trespassers, leaving the question of the title to the property to be settled by a suit at law.

In Equity. On bill for injunction.

Application for injunction by Walter S. Cheesman and others against James A. Shreve and others to prevent trespass upon mining lands.

*C. J. Hughes, Jr.*, for complainants.

*B. F. Montgomery*, for defendants.

BREWER, J. These defendants are entering beneath the surface, within the side lines of ground patented to complainants, and seeking to mine and take ore therefrom. *Prima facie* they are trespassers. They justify this entrance under authority of the laws of the United States, and especially section 2322 of the Revised Statutes, which give to the

owner of a vein, lode, or ledge, the top or apex of which lies within the surface lines of his own location, the right to follow that vein downward, outside of the side lines of his location, and into territory whose surface belongs to another. Involved in their claim is the question whether there is such a vein as is provided for in that section; a question as to the right of entrance, as affected by priority of location and the dip of the vein. These questions are presented, and, whatever may be the true answers thereto, it is obvious, from past judicial expressions, that they cannot be considered as mere sham, or pretended, but as real, substantial questions. Hence, as questions arising under the laws of the United States, they present a case cognizable by the court. *Mining Co.* v. *Larimer Co.*, 8 Fed. Rep. 724; *Starin* v. *New York*, 115 U. S. 248, 6 Sup. Ct. Rep. 28. As the defendants are entering within the side lines of complainant's property, *prima facie* they are trespassers; and where the affidavits, upon an application for a preliminary injunction, are conflicting, the rule is to preserve the possession as against such *prima facie* trespassers by a preliminary injunction, leaving the question of title to the property to be established by a suit at law. Temporary injunction will issue upon the giving of a bond in the sum of $25,000, conditioned according to law.