### THOMPSON v. NELSON et al.

(Circuit Court of Appeals, Sixth Circuit. November 11, 1895.)

No. 366.

PRELIMINARY INJUNCTION—DENIAL—APPEAL.

Upon an appeal from an order denying a preliminary injunction, as well as upon appeal from an order granting such injunction, the decision of the judge who made the order will not be reversed, unless it appears, after a consideration of the grounds presented to him for his action, that his legal discretion to grant or withhold the order was improvidently exercised. Duplex Printing-Press Co. v. Campbell Printing-Press, etc., Co., 16 C. C. A. 220, 69 Fed. 250, followed.

Appeal from the Circuit Court of the United States for the District of Kentucky.

This was a suit by J. Walter Thompson against R. W. Nelson, E. L. Anderson, C. C. Menzies, the E. L. Anderson Distilling Company, and others to cancel certain stock, and set aside a conveyance of real estate. A motion in the circuit court for a preliminary injunction was denied. Complainant appeals. Affirmed.

W. J. Davidson, Wm. Goebel, and W. McD. Shaw, for appellant.
Nelson & Desha and Humphrey & Davie, for appellees.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

TAFT, Circuit Judge. This is an appeal under the seventh section of the court of appeals act, as amended February 18, 1895, from an order of the circuit court refusing to allow a temporary injunction

pending the hearing of the cause. The plaintiff below held a majority of the issued stock of E. L. Anderson Distilling Company, a corporation of Kentucky, organized for the purpose of the blending and sale of fine whiskies. Thirty thousand dollars of the par value of the stock remained unissued. The board of directors, by a vote of three of their number, who are here defendants, R. W. Nelson, E. L. Anderson, and C. C. Menzies, against the vote of Wilbur H. Murray, the only remaining director, passed a resolution directing the purchase from the Wadsworth Watch-Case Company of a house and lot for the purpose of making the same the office and warehouse of the distilling company. The price to be paid was the $30,000 of unissued 'capital stock. The stock was issued and delivered, and the deed executed. This bill was filed, averring that the proceeding was fraudulent, in that the three directors who voted for the passage of the resolution had a personal interest in the sale of the property to the corporation and in the issuance of the stock, different from and in conflict with their duty as trustees and directors for the company. The averment of the bill was that the property was very much inferior in value to the value of the stock issued therefor; that the company might, if the board of directors had chosen to do so, have paid cash for the property. The prayer of the bill was that the stock might be declared null and void and of no effect, and that the same should be ordered canceled or retransferred by the defendants or holders thereof to the corporation, and the corporation be ordered to reconvey the real estate sold to it, and that the defendants, including the three directors and the present holders of the newly-issued stock, be restrained and enjoined from voting it at any election of the company, and from exercising any rights as stockholders by reason thereof. A preliminary restraining order was issued by Judge Clark, on the exhibition of the bill, and the case came on for hearing on a motion for a preliminary injunction. Before the motion for the preliminary injunction was heard, the defendants filed an answer to the bill, admitting the averments of the bill except those which charged the issuance of stock to be for an inadequate consideration and the directors to have an interest of a personal character in the transaction other than their interest for the company and its benefit. The cause was heard below on affidavits and depositions, and argued in full to the court. Some suspicious circumstances were introduced in evidence, tending to show a greater interest in the transaction on the part of R. W. Nelson than his interest as a stockholder and director in the company would naturally give him. But the court below was unable to find from the evidence that by a preponderance of proof it had been established that either Nelson or any of the other directors had been unduly or improperly influenced, or had any real interest in the transaction other than that as stockholders in the corporation.

This appeal is under the seventh section of the act of the court of appeals, and, though it is an appeal from an order refusing an injunction, we presume the same rule must obtain in the consideration of such an order on appeal as we have already decided should govern us in appeals from orders granting injunctions.

In Duplex Printing-Press Co. v. Campbell Printing-Press, etc., Co., 16 C. C. A. 220, 69 Fed. 250, we said:

"The motion for a preliminary injunction necessarily involved the exercise by him [that is, of the judge below] of a sound judicial discretion in granting or withholding it. * * * We are to consider the correctness of the order from the same standpoint as that occupied by the court granting it; and if we find, after a consideration of the grounds presented to that court for its action, that its legal discretion to grant or withhold the order was not improvidently exercised, we should not disturb its action."

See, also, Blount v. Societe Anonyme Du Filtre Chamberland Systeme Pasteur, 6 U. S. App. 335, 3 C. C. A. 455, and 53 Fed. 98; American Paper Pail & Box Co. v. National Folding Box & Paper Co., 1 U. S. App. 283, 2 C. C. A. 165, and 51 Fed. 229.

After a consideration of the evidence presented to the court below, we do not find that the evidence makes such a case for the complainant below as to justify a finding by us that the sound judicial discretion of the court in granting or withholding a preliminary injunction was improperly exercised. We reach this conclusion without prejudice to the issue now pending in the court below, and which may be brought here on appeal from a final decree below, presented on fuller evidence and on its merits. The appeal is dismissed, at the costs of the appellant.