## ST. LOUIS & E. R. CO. v. BOSWORTH.

### (Circuit Court of Appeals, Seventh Circuit.)

### No. 274.

**COURTS—JURISDICTION—COMITY.**

The S. R. Co., the owner of a right of way for a railroad, made a lease thereof to the C. R. Co., which, besides providing for the common use of the proposed line, stipulated that, when the road was completed, the S. Co. would convey to the C. Co. the road constructed on the right of way, but if, prior to the tender of the deed, the C. Co. should fail to perform any of the covenants of the lease, the S. Co. might declare the lease and contract void. The S. Co. agreed to pay the C. Co. a specified rate of interest on the cost of construction of the road, for the use thereof, for a failure to pay which the right of user might be suspended until the amounts due were paid. Shortly after the road was completed and put in use, the S. Co. served notice on the C. Co. that it declared the lease void, for certain alleged violations by the C. Co., and demanded a surrender of the premises. Thereupon, the C. Co. filed a bill, in a state court, asserting performance and its right to a deed, and secured a temporary injunction, restraining the S. Co. from declaring a forfeiture of the lease. Thereafter, a receiver of the C. Co., appointed by a federal court in a foreclosure suit, served notice on the S. Co. that certain sums were due to him, on account of maintenance, interest, etc., and that, if such sums were not paid, he would suspend the S. Co. from the use of the road. The S. Co. thereupon, in a petition in the foreclosure suit, applied for an injunction to restrain the receiver from enforcing this notice. *Held,* that the proposed action of the receiver involved no interference with the jurisdiction of the state court or violation of its injunction, the scope thereof having been simply to restrain the S. Co., at the request of the C. Co., which was represented by the receiver, from ousting the latter company from the possession and management of the road; and as the obligation of the S. Co. to pay for the use of the road continued, and the receiver was clearly entitled to collect the sums accruing on the lease, before as well as after his appointment, the injunction should be denied.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

J. L. Blair and Samuel P. Wheeler, for appellant.

Bluford Wilson, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This appeal is from an order of the circuit court denying an interlocutory order of injunction. The application for the order was made in the consolidated case of the Mercantile Trust Company of New York against the Chicago, Peoria & St. Louis Railway, wherein by an order passed September 21, 1893, the appellee, C. H. Bosworth, was appointed receiver, and directed to take possession of the road and of "all property, rights, powers, privileges, and franchises, and equities," of the last-named company. In the consolidated case were included petitions in the nature of creditors' bills. On July 17, 1890, the appellant, the St. Louis & Eastern Railroad Company (which will be designated herein as the "St. Louis Company"), being the owner of a right of way through a part of Madison county, Ill., made a lease thereof to the Chicago, Peoria & St. Louis Company (which will be called here the "Chicago Company"), which was about to lay its track near the

same line. The contract of lease contained numerous and detailed provisions for the common use of the proposed line and the terminal lines into East St. Louis. It was stipulated that, after the road was completed and open for running operations, the St. Louis Company should convey to the Chicago Company, by a good and sufficient deed, the road constructed upon the right of way covered by the lease; the deed to be so expressed as to reserve and secure to the grantor the same rights of user perpetually of the line of road over the right of way as was provided for in the indenture of lease, but if, prior to the execution or tender of such deed, the Chicago Company should "fail to pay, perform, or fulfill any of the rents, covenants, or agreements of this lease," the St. Louis Company, its successors or assigns, after first giving ninety days' notice of its intention to do so, might declare the lease and contract forfeited and void. For the use of this part of the road, the St. Louis Company agreed to pay to the Chicago Company a specified rate of interest upon the cost of construction, including the consideration paid for the lease; and, while it was stipulated that a failure to pay should not cause a forfeiture of the right of user, it was agreed that, in case of a failure continued for three months after a payment was due, the right of user might be suspended until the amounts due, with interest, should be paid. The road was so far finished as to be open for running operations in 1891; but in August, 1892, the St. Louis Company caused to be served upon the Chicago Company a notice, dated the 22d of that month, to the effect that on account of certain violations of the terms of the lease on the part of the Chicago Company, recited in the body of the notice, the lessor intended to declare, and did thereby declare, the lease and contract forfeited and void, and did demand that possession of the premises be surrendered on the 1st day of December, 1892. Thereupon the Chicago Company brought its bill in the circuit court of Madison county, Ill., setting forth the contract between the parties, alleging performance on its own part and its right to a deed of conveyance of the right of way, and praying that the defendant, the St. Louis Company, be restrained from attempting to declare a forfeiture of the lease, and that, upon final hearing, the injunction be made perpetual, and on the 13th day of December, 1892, obtained of the judge of that court, at chambers, the order asked, with the statement added "that the said injunction writ so ordered shall not be so construed as to in any way or manner interfere with the St. Louis and Eastern Railway Company, by its agents and servants, from jointly using said railway in the same manner the same is being used at this time, and is provided for in the indenture of lease set out on the face of the bill filed in this case." In March, 1893, the St. Louis Company answered this bill, denying its material allegations, and setting up at great length affirmative matter designed to show that, having violated the conditions of the lease, the Chicago Company was not entitled to a deed of the right of way. All these facts and others of which any statement here is deemed unnecessary the petition before us brings forward, and then charges in substance that on the 12th day of June, 1895, the receiver served upon the petitioner a

notice to the effect that there was due and owing by petitioner to the receiver the sum of $9,548.78 on account of maintenance, use of tracks, interest, and taxes, and a further sum of $5,752.29 on account of interest due to the 31st day of December, 1894, and advising the petitioner that in case of failure on the part of the petitioner to pay said sums by the 1st day of July, 1895, he will suspend the petitioner from any use of the road; that the sum of $9,548.78 claimed to be due is for maintenance and other charges under the terms of the lease accrued prior to the appointment of the receiver, and that the sum of $5,752.59 is for the amount of interest accrued since the appointment of the receiver, as the same would be computed were the lease in force; that petitioner is ready to pay that portion of the cost of maintenance and operation accrued prior to the receivership, computed at the same rate it has been computed and paid since the receivership, to wit, $3,504.80, but denies liability to pay the interest charge or any part thereof, whether accrued before or after the appointment of the receiver; that, as the officer of the court in possession, the receiver has power to exclude the petitioner from the use of the property, and to inflict irreparable injury, for which the petitioner can have no remedy in a court of law.

"Two questions," it is said in the brief for the appellant, "are thus presented by the bill, viz.: (1) In view of the issue in the suit pending in Madison county circuit court, involving, as it necessarily did, the question whether the appellant had effectually terminated the lease, and, by the alleged tender, had stopped the running of interest, could the receiver ignore the suit thus pending and the issue therein, and enforce the summary provision of the lease by ejecting the appellant from the use of the road? (2) In view of the further fact that the receiver was seeking, in a summary way, to enforce the collection of a claim that had accrued prior to his appointment, had he, under the provisions of the mortgages, any right so to do?"

It was admitted at the hearing that the suit in the state court had been voluntarily dismissed. If still pending, as it was when the order appealed from was made, it would afford, as we think, no reason for reversing that ruling. If, as the appellant contends, the proposed action of the receiver would have disturbed the status created by the order of the state court, or, in other words, would have been a violation of that order, then it was within the power of that court, we suppose, to deal with the receiver as with any other person acting in contempt of its authority; and there was no necessity for applying to the federal court which had appointed the receiver, although there was no impropriety in doing so. We are of opinion, however, that the action of the receiver involved no interference with the jurisdiction of the state court, nor violation of its injunction. The receiver represented the Chicago Company, upon whose petition and for whose protection the injunction was issued. The scope of the order was simply to restrain the St. Louis Company, pending the suit, from attempting to oust the Chicago Company from the possession and management of that portion

of the road which was covered by the lease. Under the bill, the order could not have been broader, and the appended provision that the writ should not be construed to interfere with the use of the road by the St. Louis Company under the contract was a needless precaution against an impossible misconstruction. There is certainly nothing in the order which can be deemed to signify that the St. Louis Company should continue to use the road under the contract without discharging the current obligations thereby imposed upon itself, or that the Chicago Company, or the receiver as its representative, should not move in the manner provided by the contract for the enforcement of those obligations. It is a mistake to say that, by so doing, the receiver, after restraining his adversary, was proceeding to do the very act the legality of which had been submitted to the state court for its summary action. Though arising out of the same contract, the issues involved in this application are not the same as those of the suit in the state court.

Under the second proposition, it is contended, upon the authority of Hook v. Bosworth, 12 C. C. A. 208, 24 U. S. App. 341, and 64 Fed. 443, that the receiver had no authority to receive or to enforce payment of an indebtedness which accrued prior to his appointment. The dispute in that case, however, was between the receiver, on one side, and, on the other, the railroad company, mortgagor, and its president and treasurer, over moneys earned on a contract for carrying the mails before the receivership was ordered; and the decision is manifestly inapplicable to a case between the receiver and a debtor of the company. The record before us shows an order putting the receiver in possession, not simply of the mortgaged road, rolling stock, and other property used in operating the line, but of all the rights and property of the Chicago Company; and, under such an order, it is not for a debtor of the company to question the authority of the receiver to collect money due the company, or to use any means which the company itself, if still in control, might use to enforce payment. It is only in very clear cases of error that an appeal from an order granting or refusing a preliminary injunction should be sustained. See Duplex Printing-Press Co. v. Campbell Printing-Press & Manuf'g Co., 16 C. C. A. 220, 69 Fed. 250; Thompson v. Nelson, 18 C. C. A. 137, 71 Fed. 339.

The order of the circuit court is affirmed.