LAKE SHORE & M. S. RY. CO. et al. v. FELTON.

(Circuit Court of Appeals, Sixth Circuit.  June 15, 1900.)

No. 766.

1. RECEIVERS—REMEDIES—PROCEEDING BY PETITION.
   A proceeding by a receiver to enjoin another from interfering with his possession of property may properly be by petition in the suit in which he was appointed, although the proposed defendant is not a party to such suit, where his rights can be as fully protected in such proceeding as in a separate suit, which is a matter to be determined by the court in the exercise of its discretion.

2. INJUNCTION—PRELIMINARY ORDER—REVIEW ON APPEAL.
   An order granting a preliminary injunction will not be reversed on appeal because unwarranted by the facts shown, unless the error is clear.

3. SAME—GROUNDS—CONTINUED TRESPASSES.
   Equity has jurisdiction to grant relief by injunction against the constant and unauthorized use by one railroad company of the tracks of another, as affording the only adequate remedy.

4. SAME—HEARING ON PRELIMINARY MOTION—PLEADINGS AS EVIDENCE.
   An answer verified by the attorney for a defendant on information and belief only is insufficient as proof of the facts alleged for the purposes of a motion for a preliminary injunction.

5. EVIDENCE—BURDEN OF PROOF.
   Where the answer of the defendant admits the facts constituting the plaintiff's prima facie case, and then sets up matter in justification by way of defense, the burden of proof of such matter rests upon the former.

Appeal from the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio.

On the 7th day of July, 1899, there was pending in the circuit court for the Southern district of Ohio, in the Eastern division thereof, a suit in equity, wherein the Metropolitan Trust Company was complainant, and the Columbus, Sandusky & Hocking Railroad Company was defendant, of which latter company Samuel M. Felton had prior to the above-mentioned date been appointed receiver, and was at the said date acting as such. On the day above mentioned the said Felton, as receiver, filed an intervening petition in that suit against the Lake Shore & Michigan Southern Railway Company and the Cleveland, Cincinnati, Chicago & St. Louis Railway Company, the grounds and objects of which are shown by a copy of the said petition, here set forth (omitting title of the court and cause):

"To the Judges of the Circuit Court of the United States for the Southern District of Ohio, Eastern Division:  Your petitioner, S. M. Felton, receiver, shows to the court:  Among the property in his possession as such receiver by virtue of his appointment by this court in this case on June 1, 1897, is the railroad track on Railroad street, in the city of Sandusky, Ohio, which extends from the easterly to the westerly ends of said street, the undivided half interest in which your petitioner acquired by deed executed to him by the Baltimore & Ohio Railroad Company, and the receivers of said company, pursuant to the order of this court in that behalf entered in the case of the Mercantile Trust Co. v. Baltimore & Ohio Railroad Company (No. 757) on April 22, 1898. That said Lake Shore & Michigan Southern Railway Company and said Cleveland, Cincinnati, Chicago & St. Louis Railway Company, without any lawful right, and notwithstanding your petitioner's repeated protests to them, now are, and for some time past have been, using said track, running their engines and cars thereon and thereover. That said companies get access to said track with their engines and cars over a connection therewith which it is necessary for your petitioner to use, so that your petitioner cannot forcibly prevent their said unlawful use of said track without danger to life and property.  Your petitioner therefore prays that said companies be required to show cause why

they should not be committed for contempt for entering upon and using said property and operating their engines and cars thereover, and that meantime they may be enjoined therefrom, and that your petitioner may have such order and relief as may be proper.          S. M. Felton.

"State of Ohio, Hamilton County—ss.: S. M. Felton, being first duly sworn, says that he believes the allegations of his foregoing petition to be true. Sworn to before me, and subscribed in my presence, this 5th day of July, 1899.

"[Seal.]          S. E. Hibbard, Notary Public,
"Hamilton County, Ohio."

The respondents therein mentioned were not parties to the original suit, but they appeared and answered the petition. Their answers were separate, but were identical. A copy thereof (omitting title of the court and cause, except the name of the answering company in the several answers) is as follows:

"The Lake Shore & Michigan Southern Railway Company, for answer to the petition of S. M. Felton, receiver herein, admits the acquirement by said receiver of an undivided one-half interest in the track named in the petition, as averred therein, and that it has been, and still is, using said track. But this defendant avers that it is making such use under and by virtue of an agreement made by it with the Baltimore & Ohio Railroad Company before such acquisition by said receiver of an interest therein, and while said Baltimore & Ohio Railroad Company was the sole owner thereof, with full power to make such agreement. By said agreement said Baltimore & Ohio Railroad Company pays to this defendant $600 per annum for the use of this defendant's track in Railroad street, in the city of Sandusky, Ohio, parallel with the track in the petition described; and this defendant pays to said Baltimore & Ohio Railroad Company fifty cents per car, loaded or empty, for all of its cars which use said track in the petition described, one-half of which trackage charge this defendant is advised and believes, and so avers, said Baltimore & Ohio Railroad Company has paid to said receiver since his acquirement of an interest in the track in the petition described. This defendant denies that its use of said track is improper or unlawful, and prays that its interests may be protected."

This answer was sworn to by one of the solicitors for the defendant. The jurat states that he says that he "is the attorney of the above-named defendant, and that all and singular the statements of the foregoing answer are true, as he verily believes."

Subsequently, the court deeming it necessary that the Baltimore & Ohio Railroad Company should be made a party to the proceeding, leave to the receiver was given for that purpose. The last-named company appeared, and adopted the answer which the other two companies had filed. Replication to these answers was duly filed. Thereupon a motion for a preliminary injunction, based upon the showing made by the pleadings, was brought on for hearing. The court, being of opinion that sufficient ground for an injunction was shown, granted an order whereby the defendants were enjoined from entering upon or using said track unless certain privileges on their own tracks should be accorded by the defendants to the petitioner. For the present purpose, it is not necessary to state the privileges mentioned in the proviso, as they are not material to the decision. From this order the several defendants to the intervening petition have appealed, and they assign the following grounds for error: "First, because, upon the face of the intervening petition of S. M. Felton, receiver, filed herein against this defendant, it appeared that the said S. M. Felton was not entitled to relief by injunction; second, because, upon the face of the said record and proceedings, it appeared that S. M. Felton was not entitled to relief by injunction, preliminary or final; third, because no case was made upon the same record or proceedings for a preliminary injunction."

Harmon, Colston, Goldsmith & Hoadly, for appellants.
Lawrence Maxwell, Jr., for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, after having stated the case, delivered the opinion of the court.

In the brief and argument for the appellants it is urged that their rights cannot properly be litigated upon a mere petition filed by the receiver in a suit to which they are not parties, and that they are entitled to the advantage of making their defense in a formal suit upon an independent bill. When the proceeding is taken by a receiver appointed in a suit to which the proposed defendant is a stranger, the question whether it should be by bill or petition is one resting to a certain extent in the discretion of the court, having regard to the particular circumstances. A leading purpose in determining it will always be to afford the defendant full opportunity to assert and obtain the benefit of his defense. Where, as here, the property concerned is already in the possession of the court, and the act complained of is a disturbance of that possession, it is not unusual to allow the receiver to proceed by petition, giving the defendant the opportunity of making defense by answer or other pleading, according to the common course of equity practice. This was the practice sanctioned in Ex parte Chamberlain (C. C.) 55 Fed. 704, where the proceeding was taken to prevent the disturbance of the receiver in the possession held by him under the order of the court of certain property upon which the respondent was undertaking to make a tax levy, and In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689, where the respondent, under claim of right, founded upon a state statute, attempted to seize property in the hands of a receiver appointed by the federal circuit court. And see, also, High, Rec. § 777; Beach, Rec. (1st Ed.) § 739. We see no reason for thinking that in the present case any right of appellants could have been compromised by the complaint being preferred by a petition rather than by a bill. They have filed an answer in which they set up the only defense which they claim exists, and the common replication has been filed. It remains to produce the proof, and thereupon a final order or decree can be made upon the merits. If there was any reason why their rights could not be fully protected in the proceeding which was instituted, the objection should have been made in the court below. Instead of that, they were content to answer on the merits, submitting to the judgment of the court, without making any suggestion of difficulty or embarrassment. Nor do they raise such a question by the assignments of error, all of which relate solely to the supposed error of the court in holding that upon the facts shown an injunction should issue. We think that, if the particular mode of obtaining the remedy was mistaken, the defendants have waived the error.

2. Then it is said that there was nothing in the petition which showed that there was any reason for apprehending such immediate and special injury as would justify a preliminary injunction. But the petition stated that the defendants, without any right whatever, were running their engines and cars over the track occupied by the receiver in carrying on his railroad business, and "that said companies get access to said track with their engines and cars over a connection therewith which it is necessary for your petitioner to use, so that your petitioner cannot forcibly prevent their said unlawful use of said track without danger to life and property." It must

be admitted that the allegation is not so specifically directed to the probability of danger in the running of engines and cars over the track by the defendants as it might have been. But the court was bound to take notice of the mode in which railway business is ordinarily conducted, and hence of the danger to life and property in the continued trespassing by another company with their engines and cars upon the track, which was in daily and probably hourly use of the receiver. Certainly we cannot say that the conclusion of the lower court in that regard was so unwarranted as to justify us in reversing its order. In order to reach that result upon a mere question of fact, the error must be very clear. Thompson v. Nelson, 37 U. S. App. 478, 18 C. C. A. 137, 71 Fed. 339; Proctor & Gamble Co. v. Globe Refining Co., 34 C. C. A. 405, 92 Fed. 357.

3. The case stated was one within the equitable jurisdiction of the court. The trespasses complained of were of frequent repetition, and would, if continued, give ground for a great multiplicity of suits. Relief in equity by injunction was the only adequate remedy, and it was not necessary to await a trial and judgment at law. Chessman v. Shreve (C. C.) 37 Fed. 36; Joy v. St. Louis, 138 U. S. 1, 11 Sup. Ct. 243, 34 L. Ed. 843; Coatsworth v. Railroad Co., 156 N. Y. 451, 51 N. E. 301; Musselman v. Marquis, 1 Bush, 463.

4. The answer of the defendants admitted that the receiver had acquired from the Baltimore & Ohio Railroad Company the interest in the track which he claimed in his petition to have. But it averred that the defendants had themselves acquired the right to make use of the track complained of by the receiver (the particulars of which are set forth) from the said Baltimore & Ohio Railroad Company prior to the date of the acquisition by the receiver of the right on which he relies. It is insisted for the defendants (and perhaps rightly), that, if the fact is as thus averred, the receiver had no ground on which to support his petition. But the difficulty is that, while this may be good as matter of pleading, the answer is not sworn to by any one who professes to have knowledge of the fact pleaded. The answer, for the purposes of the motion for preliminary injunction, may serve as an affidavit, and has only the same effect. The verification of the answer was by one of the solicitors, who made oath that "the statements of the foregoing answer are true, as he verily believes." There is no showing, however, that he had made such investigation of the facts as would enable him to speak with assurance, and his qualified statement rather implies that he had not, and there is no extrinsic showing of the contract. It seems to be settled that such a verification of the answer or of an affidavit is insufficient proof upon the hearing of a motion, either for an injunction, or to dissolve one already granted. Barb. Ch. Prac. 156; 2 High, Inj. 1514, and the cases there cited; Campbell v. Morrison, 7 Paige, 157; Miller v. McDougall, 44 Miss. 682; Spalding v. Keely, 7 Sim. 377. It is true, there is the same infirmity in the receiver's verification of his petition. But the answer admitted the receiver's prima facie case, and it then set up, by way of justification, the defendants' prior right. The burden of proof of this matter thus set up was upon the defendants. Gresley, Eq. Ev. (2d Am. Ed.) 16, 468; Hart v. Ten

Eyck, 2 Johns. Ch. 62; McCoy v. Rhodes, 11 How. 131, 13 L. Ed. 634; Reid v. McCallister (C. C.) 49 Fed. 16; Jennison, Ch. Prac. 84. The defendants failed to support this burden by any proof sufficient in law. The result is that we find no sufficient reason for disturbing the order of which the appellants complain, and it is accordingly affirmed.