In re E. A. KINSEY CO.

(Circuit Court of Appeals, Sixth Circuit.  February 3, 1911.)

No. 2,061.

1. BANKRUPTCY (§ 262*)—SALE OF PROPERTY—POWERS OF COURT—LIENS.

A court of bankruptcy has power to order property of a bankrupt which has come into the possession of his trustee sold free of liens, and to transfer all claims against it to the proceeds, notwithstanding the objection of one claiming a lien thereon.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 365;  Dec. Dig. § 262.*]

2. BANKRUPTCY (§ 258*)—COURTS OF BANKRUPTCY—JURISDICTION OVER LIEN CLAIMANTS.

One claiming a lien on personal property of a bankrupt, which is in the possession of his trustee, may be brought into the court of bankruptcy by service of a rule to show cause for the purposes of a petition by the trustee for an order to sell the property free of liens and transferring all liens to the proceeds.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 358;  Dec. Dig. § 258.*]

Petition to Review an Order of the District Court of the United States for the Southern District of Ohio.

In the matter of the American Architects Tube Company, bankrupt. On petition of the E. A. Kinsey Company to review an order of the District Court.  Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Stewart & Stewart and Herron, Gatch & James, for petitioner.

Watson, Stouffer & Davis and Vorys, Sater, Seymour & Pease, for trustee.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

SEVERENS, Circuit Judge. This is a petition to review an order made by the District Court in a proceeding in bankruptcy.

The American Architects Tube Company was adjudicated a bankrupt on October 9, 1908. On November 8th following, the E. A. Kinsey Company, a creditor of the bankrupt, commenced a suit in the court of common pleas for Franklin county, Ohio, for the foreclosure of a lien it claimed to have on certain property which belonged to the assets of the bankrupt. By the direction of the District Court, and by the permission of the court of common pleas, the trustee intervened to defend the foreclosure proceeding of the E. A. Kinsey Company in the latter court. At the time when the court of common pleas allowed the intervention of the trustee, it also ordered the receiver whom it had appointed to take charge of the property in another suit against the American Architects Tube Company, and who was made a defendant in the foreclosure case, to be discharged, and that the trustee be substituted in his place and given leave to answer. His answer denied all knowledge of the matters alleged in the petition for foreclosure. From the preceding statement, it will be perceived that at the date of the adjudication the court of common pleas did not have possession of the property for any purpose involved in the foreclosure suit. Through its receiver it had control of the property for the purposes of another suit to which the E. A. Kinsey Company was not a party. The transfer of possession from the receiver to the trustee, however it may have affected other parties, did not affect the E. A. Kinsey Company. The court of common pleas never took actual possession for the purposes of its suit. The trustee filed a motion in the court of common pleas that all further proceedings in the foreclosure case be stayed pending the determination of the bankruptcy case, and the motion was allowed. The trustee then filed a petition in the bankruptcy court for leave to sell the assets (which were all personal property) free of all liens, and also that the E. A. Kinsey Company be made a party to the proceeding and set up its claims, and that they be determined by the court in respect to their amount, validity, and priority. A rule to show cause was made and served upon the E. A. Kinsey Company. Whereupon it appeared and filed the following motion:

"Now comes the E. A. Kinsey Company, a corporation duly incorporated and organized under the laws of Ohio, for the purpose of this motion only, and not entering or intending to enter its appearance herein, but objecting to any jurisdiction or exercise of jurisdiction of this court over it, and moves the court to quash and hold for naught the pretended service of process upon it and to dismiss it from this action on the ground that this court has neither jurisdiction over said the E. A. Kinsey Company or the subject-matter of the action."

The motion was denied. The cause came on to be heard, and the order now under review was made. It reads as follows:

"This day this cause came on to be heard upon the petition of Gilbert L. Fuller as trustee to sell all of the property described in said petition, free and clear of all liens and incumbrances and the hearing on said application and petition having been adjourned from the 21st day of January, A. D. 1909, from time to time until this day, August 20, 1909, and 10 days' notice by mail of said hearing having been given to all creditors, and of which petition due service of notice by rule to show cause was made upon the E. A. Kinsey Company, defendant herein, upon consideration whereof the court finds that the allegations of the petition are true except as to the nature or existence of the lien of the E. A. Kinsey Company, if any, which is not determined, and that it is for the best interest of the creditors of the said estate and of all parties interested in said proceeding that said property be sold either at private or public sale at the discretion of the trustee, free and clear of all liens and incumbrances of every kind whatsoever.

"It is therefore ordered, adjudged, and decreed that the said prayer of the said petition be and is hereby granted, and that the said trustee is directed to sell said property, free and clear of all liens and incumbrances either at private or public sale, upon the premises where said property is located, and that said trustee give due notice of public sale, if such be had, by publication of notice in the Columbus Evening Dispatch and the Ohio State Journal for a period of one week by three insertions, and that said sale be made subject to the approval of this court.

"It is further ordered, adjudged, and decreed that whatever lien, if any, may be hereafter determined to exist against the said property in favor of the E. A. Kinsey Company, be and is hereby transferred to the fund derived from the sale of said property."

It will be observed that the court did not undertake to determine the validity of the petitioners' claim of lien or its amount or rank. It simply ordered the property to be sold free of liens, and that the claim of the E. A. Kinsey Company be transferred to the proceeds.

Two questions of law are presented:

(1) Did the court have jurisdiction to make the order?

(2) Did it get jurisdiction of the petitioner, the E. A. Kinsey Company, by what it denominates "the pretended service of process upon it"?

The petitioner denies both of these propositions.

The property came to the hands of the trustee. It was ordered to be delivered to him by the court of common pleas in whose possession it was, and whether it was properly so ordered is not a question to be determined by the bankruptcy court nor by this court. It could only be questioned in a court which has appellate jurisdiction of the decrees and orders of the court of common pleas. The court of common pleas was a court of general jurisdiction, and we think had power to make the order. It was the property of the bankrupt, and the bankruptcy court had undoubted authority to order it sold and converted into money. But there was a claim of lien against it. Whether it was a valid lien or for how much was an open question, the existence of which would seriously affect the price that any purchaser would pay for it. This impediment would be eliminated if the property were sold free of liens. The lien could be adjudicated and the holders paid from the proceeds, if the lien was held valid. Thus the whole value would be saved. And the lienholder would suffer no substantial injury. The only difference from the course it desires to pursue consists in nothing more than a choice of the two courts by which its right is determined and the property is sold. It has long been the practice of the equity courts to adopt

such a procedure in conditions such as this. And the courts of bankruptcy have adopted it, as is shown by a large number of cases cited in leading text-books on the subject. Loveland on Bankruptcy (3d Ed.) § 256d; Collier on Bankruptcy (8th Ed.) p. 838. In the latter book, the author says:

"Sales free of incumbrance were authorized by the statute of 1867. The present law has no such provision. This has cast doubt on the power of the court to authorize such a sale. The cases are quite uniform, however, in declaring that such sales can be authorized, and by the referee as well as by the judge. The bankruptcy courts, having like power with that of courts of equity, may and often have exercised it for the benefit of the creditors while no substantial injury to lien claimants is done."

If the possession had remained in the court of common pleas, and that court had declined to surrender its jurisdiction over it, an obstacle would have been presented, and the bankruptcy court might have delayed further action until the state court should have determined the matter of the lien and enforced it. The surplus, if any, would be transferred to the District Court upon the trustee's application and be there administered.

As to the other question, whether the court could bring the petitioner before it by service of a rule to show cause why the petition should not be granted, we entertain no doubt. The essential feature of mesne process is that the respondent shall have notice of the claim the establishment of which may affect his interest, and of the time and place for hearing. A plenary suit is not absolutely required, and is not usual when the trustee is in possession of the property, and the controversy is only of a matter of procedure in administration, and the substantial rights of the parties are not affected. Lake Shore & M. S. Ry. Co. v. Felton, 103 Fed. 227, 43 C. C. A. 189; Horn v. Pere Marq. Ry. Co. (C. C.) 151 Fed. 626; City of Shelbyville v. Glover, 184 Fed. 234 (decided by this court). The reason why the bankruptcy court would refrain from interfering with the proceedings in a state court and anticipate its judgment is the obligation of the comity necessary to be observed to avoid conflict between the state and federal courts, and this reason would be wanting if the other court waives its priority of right to possession, as was done in the present case.

The order under review should be affirmed.