### McGRAW v. WALSH.

(Circuit Court of Appeals, Fourth Circuit. March 2, 1916.)

#### No. 1430.

1. MECHANICS' LIENS ⬅246—SUITS TO ENFORCE—EXISTENCE OF OTHER REMEDY.

   Where a creditor having a mechanic's lien also held stocks and bonds as collateral security for his debt, he had a right to enforce either security or both, unless enjoined by the court.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 431; Dec. Dig. ⬅246.]

2. MECHANICS' LIENS ⬅251—SALE—ENJOINING—CONDITIONS PRECEDENT.

   One seeking to enjoin a sale for the satisfaction of a mechanic's lien on the ground that the lienor held stocks and bonds as security for his debt and had not accounted therefor was bound to show a demand for the return of the securities, accompanied by payment or tender of the amount due, before he could have the enforcement of the decree of sale enjoined, as the duty was on him to pay his debt as a condition of the return of the security, and not on the lienor to produce the security before the debtor was ready to pay.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 439; Dec. Dig. ⬅251.]

3. MECHANICS' LIENS ⬅251—SALES—ENJOINING—AFFIDAVITS.

   A sale under a decree establishing a mechanic's lien would not be enjoined on the ground that the lienor had misappropriated collateral security held by him, where the allegations as to the misappropriation of the securities were made upon information and belief, without stating the sources and nature of the information, especially as the moving party was a party to the suit to enforce the mechanic's lien and had ample opportunity therein to ask that the lienor be required to bring the securities into court before enforcing the lien, but made no effort to that end.

   [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 439; Dec. Dig. ⬅251.]

4. COURTS ⬅493(2) — CONFLICTING JURISDICTION — STATE AND FEDERAL COURTS.

   That a state court had in a separate proceeding ordered a sale of the same property and a different application of the proceeds was no ground for enjoining a sale under the decree of a federal court establishing a mechanic's lien, where the federal court first acquired jurisdiction of the subject-matter.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1347; Dec. Dig. ⬅493(2).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Northern District of West Virginia, at Wheeling; Alston G. Dayton, Judge.

Suit by J. J. Walsh, Jr., surviving partner of himself and Frank G. Walsh, deceased, doing business as J. J. Walsh & Son, against the Grafton Hotel Company. From an order denying the petition of John T. McGraw to restrain a sale in satisfaction of a mechanic's lien, the petitioner appeals. Affirmed.

T. S. Riley and John J. Coniff, both of Wheeling, W. Va., for appellant.

J. M. Ritz and John A. Howard, both of Wheeling, W. Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. After protracted litigation in the District Court for the Northern District of West Virginia and in this court, J. J. Walsh, Jr., established a mechanic's lien on the property of the Grafton Hotel Company known as Willard's Hotel for about $50,000 and interest, in the case of Grafton Hotel Co. v. Walsh, 228 Fed. 5, —— C. C. A. ——. Under an order of the District Court the property was advertised for sale for the satisfaction of the amount due on the lien. On January 16, 1916, John T. McGraw filed his petition in the District Court asking for an order restraining the sale. The petition was denied, without answer or demurrer, on the ground that it stated no facts warranting the relief asked; and the petitioner appealed. The facts alleged in the petition or admitted at the hearing may be thus summarized:     •

John T. McGraw was the only person interested in the corporation and the hotel property, and therefore the sole party in interest in the litigation with Walsh. In the course of that litigation it was admitted by Walsh in his testimony that he had received from McGraw bonds and stocks amounting in the aggregate at par value to the sum of $348,800 as security for any balance that might be due Walsh on his contract for building the hotel. Walsh testified that he was able and willing to return the securities whenever he received the balance due him on the contract. The court enjoined Walsh from disposing of the securities pending the litigation; and the injunction is still in force. The charge is made on information and belief that Walsh has disposed of a number of these securities as collateral for his own debts or the debts of a corporation in which he is interested. But the sources of information upon which the belief is founded are not given. There is an allegation that the securities are worth at least $200,000, and that Walsh is insolvent. On these allegations the court was asked to enjoin the sale, "until there shall be a proper accounting between the said Walsh and this petitioner as to said securities, and until at least the said Walsh shall produce within the jurisdiction of this court so much of said securities as he can produce."

[1, 2] From the petition it appears that Walsh had two securities—the mechanic's lien, and the stocks and bonds referred to in the petition. He had a right to enforce either or both, unless enjoined by the court. Nothing appears in the petition to show that he will not be

able to regain possession of the stocks and bonds for delivery to the petitioner, by using the money due to him on the judgment when he receives it. The primary duty is on the petitioner to pay his debt as a condition of the return of his collateral, and not on Walsh to produce the collateral before the petitioner is ready to pay. It seems clear, therefore, that before the petitioner can have the enforcement of the decree of sale enjoined he should show demand for the return of his securities accompanied by payment or tender of the amount due.

[3] But if there were no other reason, the petition must be denied because all the allegations of misappropriation of the securities are made upon information and belief without stating the sources and nature of the information. 1 Foster's Fed. Practice, 293; 1 High on Injunctions, 35; Lake Shore Ry. Co. v. Felton, 103 Fed. 227, 43 C. C. A. 189. No extraordinary circumstances are alleged taking the case out of the general rule; on the contrary, the circumstances are strong against relaxation of the rule. McGraw was a party to the suit to enforce the mechanic's lien, and had ample opportunity to ask that Walsh be required to bring the securities into court, before enforcing the lien; but he made no effort to that end. When he comes now and asks that this judgment obtained after long and expensive litigation be enjoined he should make satisfactory proof of the wrong alleged and of irreparable injury. A mere statement of misappropriation of the securities on information and belief without indication of the sources of the information falls far short of satisfactory proof.

[4] The fact alleged in the petition that the state court has in a separate proceeding ordered a sale of the same property and a different application of the proceeds of the sale does not affect the matter, since it is conceded that the federal court first acquired jurisdiction of the subject-matter.

It may be the duty of the District Judge upon proper showing to require Walsh to produce and surrender the collateral securing the judgment debt as a condition of receiving the proceeds of the sale in satisfaction of the amount due on the decree. Upon that point we express no opinion.

Affirmed.