WEIDEMAN v. NEWTON ARMS CO., Inc.

(District Court, W. D. New York. August 1, 1919.)

INJUNCTION ⊕⟿230(1)—RESTRAINING ORDER OBTAINED BY RECEIVER—ENFORCEMENT BY PURCHASER OF PROPERTY.

An order, made on application of a receiver, restraining a third person from making false statements which interfered with the sale of property in the receiver's hands, *held* not enforceable by proceedings for contempt, on motion of a purchaser of the property after it had passed out of the custody of the court.

In Equity. Suit by Carl J. Weideman against the Newton Arms Company, Incorporated. On motion to punish for contempt. Denied.

Michael M. Cohn, of Buffalo, N. Y. (James O. Moore, of Buffalo, N. Y., of counsel), for petitioner.

Charles Newton, of Buffalo, N. Y. (August Becker, of Buffalo, N. Y., of counsel), for respondent.

HAZEL, District Judge. This is not a proceeding by the receiver herein ancillary to the principal cause of action. Indeed, the property and assets of the insolvent corporation which are the subject of this controversy are no longer in the custody of the court. The order made during the receivership, restraining Newton from interfering with the possession of the rifles in question and the good will of the business by making untrue statements to impair their salability during the time they were under the control of the court and in custodia legis, became practically a nullity, I think, upon their sale in the conservation action to a stranger to the proceeding. The effect of the restraining order was simply to protect the assets of the insolvent corporation from the improper conduct of Newton, who at the time was an officer thereof; such right of protection being unquestionably incidental to the receivership. It is extremely doubtful whether the restraining order went any further. It was not, in my opinion, a final decree or judgment in the proceeding, or such an order as carried with it to the purchaser of the rifles the right to invoke the summary power of the court to punish for contempt any subsequent disobedience.

I have carefully examined the adjudications cited in the briefs of the learned counsel for the petitioner, but in each instance the court, it seems to me, pointed out that the proceeding was incidental and ancillary to the main action in which the possession was acquired, and that the jurisdiction of the court concerning the possession of the property and rights thereunder is exclusive "so long as the premises in controversy continue in possession of the receiver." Odell v. H. Batterman Co., 223 Fed. 292, 138 C. C. A. 534; L. S. & M. S. R. R. Co. v. Felton, 103 Fed. 227, 43 C. C. A. 189; Bibber-White v. White River Valley Electric R. Co. (C. C.) 107 Fed. 176. Nor is the case of Wabash R. Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379, controlling here, for though in that case the property passed into the possession of a third party by purchase from the receiver, the decree of sale expressly reserved the right to make further orders in relation to the bonds which were claimed in the state courts to be liens affecting the possession of the property in the possession of the court and the right to convey title thereto.

Neither the respondent Newton nor the Newton Rifle Corporation were parties to the conservation action based upon the insolvency of the defendant. The proceeding instituted by the receiver against Newton was summary, and designed to protect such property from slanderous or libelous statements which tended to diminish its value and salability.

The doctrine of privity is not apposite to the present situation, since the restraining order, upon giving it a reasonable interpretation, was

not, as already pointed out, a final judgment or decree. Nor was it an injunction in the nature of a provisional remedy, relating, for instance, to the determination of any disputed ownership of, or title to, property or assets in the custody of the court. Woerishoffer v. North River Construction Co., 99 N. Y. 398, 2 N. E. 47. It is undoubtedly true that the immediate purchaser of the rifles, including his successors, were privies to the defendant company, the owner of the property and good will sold; and if the title or ownership thereof were in dispute they would be regarded as privies to the sale, and the equitable rights of the owner would be held to pass to the purchasers. Such purchasers, however, were not in privity as to the restraining order in question with the receiver, who acted merely as conservator of the assets during the time he had possession of them.

Respondents' contention that the defendant company could not enforce the restraining order by punishment for its disobedience, if it were in a position to do so, or if it had paid its debts and procured the discharge of the receiver, is well taken, and it would be illogical to confer a right or relief upon the petitioners herein which the defendant itself did not possess.

Newton in this proceeding cannot be required to surrender to the petitioner the soft nose bullet for rifles patent. The asserted understanding at the sale that he would execute a specific assignment to the buyer is not enforceable on such an application as this.

The motion to punish respondents for contempt is denied.