## SMYTH *v.* AMES.

## SMYTH *v.* SMITH.

## SMYTH *v.* HIGGINSON.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

APPLICATION FOR REHEARING AND MODIFICATION OF JUDGMENTS.

Nos. 49, 50, 51. Submitted May 9, 1898. — Decided May 31, 1898.

The decrees in the several cases are modified by striking from them the words referred to in the application of the appellants, and set forth in the opinion of the court.

This case was decided at the present term, and is reported in 169 U. S. at page 466 *et seq.* The appellants made application for a modification of the decrees of the Circuit Court in the respective cases, as is more fully set forth in the opinion below.

*Mr. C. J. Smyth* for the applications.

*Mr. J. M. Woolworth* opposing.

Mr. Justice Harlan delivered the opinion of the court.

These cases were determined in this court during the present term and are reported in 169 U. S. 466. The decree in each case was affirmed. The cases are now before us upon an application by the appellants — the attorney general of Nebraska and his colleagues constituting the state board of transportation and its secretaries — for a modification of the decree of the Circuit Court in the respective cases.

The decree in *Smyth* v. *Ames*, No. 49, which this court affirmed, was as follows:

"That the said railroad companies and each and every of them, and said receivers, be perpetually enjoined and restrained from making or publishing a schedule of rates to be charged by them or any or either of them for the transportation of freight on and over their respective roads in this State from one point to another therein, whereby such rates shall be reduced to those prescribed by the act of the legislature of this State, called in the bill filed therein, 'House Roll 33,' and entitled 'An act to regulate railroads, to classify freights, to fix reasonable maximum rates to be charged for the transportation of freight upon each of the railroads in the State of Nebraska, and to provide penalties for the violation of this act,' approved April 12, 1893, *and below those now charged by said companies or either of them or their receivers,* or in anywise obeying, observing or conforming to the provisions, commands, injunctions and prohibitions of said alleged act; and that the Board of Transportation of said

State and the members and secretaries of said board be in like manner perpetually enjoined and restrained from entertaining, hearing or determining any complaint to it against said railway companies or any or either of them *or their receivers,* for or on account of any act or thing by either of said companies or their receivers, their officers, agents, servants or employés, done, suffered or omitted, which may be forbidden or commanded by said alleged act, and from instituting or prosecuting or causing to be instituted or prosecuted any action or proceeding, civil or criminal, against either of said companies or their receivers for any act or thing done, suffered or omitted, which may be forbidden or commanded by said act, *and particularly from reducing its present rates of charges for transportation of freight to those prescribed in said act,* and that the attorney general of this State be in like manner enjoined from bringing, aiding in bringing or causing to be brought, any proceeding by way of injunction, mandamus, civil action or indictment against said companies or either of them or their receivers for or on account of any action or omission on their part commanded or forbidden by the said act. And that a writ of injunction issue out of this court and under the seal thereof, directed to the said defendants, commanding, enjoining and restraining them as hereinbefore set forth, which injunction shall be perpetual save as is hereinafter provided. And it is further declared, adjudged and decreed that the act above entitled is repugnant to the Constitution of the United States, forasmuch as by the provisions of said act the said defendant railroad companies may not exact for the transportation of freight from one point to another within this State, charges which yield to the said companies, or either of them, reasonable compensation for such services. It is further ordered, adjudged and decreed that the defendants, members of the Board of Transportation of said State, may hereafter when the circumstances have changed so that the rates fixed in the said act shall yield to the said companies reasonable compensation for the services aforesaid, apply to this court by supplemental bill or otherwise, as they may be advised, for a further order in that be-

half. It is further ordered, adjudged and decreed that the plaintiffs recover of the said defendants their costs to be taxed by the clerk."

The appellants now ask that the decree of the Circuit Court in that case be modified by striking therefrom the words, " and below those now charged by said companies or either of them or their receivers," and the words "and particularly from reducing its present rates of charges for transportation of freight to those prescribed in said act."

The decree of the Circuit Court in *Smyth* v. *Smith*, No. 50, and the decree in *Smyth* v. *Higginson*, No. 51, are substantially the same as the decree in the case of *Smyth* v. *Ames*. The appellants in *Smyth* v. *Smith* now ask that the words in the decree " and below those now charged by said companies or either of them," and the words "and particularly from reducing its present rates of charges for transportation of freight to those prescribed in said act," be stricken out; and the appellants in *Smyth* v. *Higginson* ask that the words " and below those now charged by said company," and the words " and particularly from reducing its present rates of charges for transportation of freight to those prescribed by said act," be stricken from the decree in that case.

The court is of opinion that the present application by the appellants in each of the above cases should be granted. The general question argued before us on the original hearing was, whether the rates established by the Nebraska statute, looking at them *as an entirety*, were so unreasonably low as to prevent the railroad companies from earning such compensation as would be just, having due regard to the rights both of the public and of the companies. In our examination of that question it was appropriate and necessary to inquire as to the earnings of the respective companies under the rates which they had established — looking at those rates, also, as an entirety. In this way we ascertained the probable effect of the statute in question. We did not intend, by an affirmance of the several decrees, to adjudge that the railroad companies should not, at any time in the future, if they saw proper, reduce the rates, or any of them, under which they were con-

ducting business at the time the final decrees were rendered, nor that the state Board of Transportation should not reduce rates on specific or particular articles below the rates which the companies were charging on such articles when the decrees were entered. It may well be that on some particular article the railroad companies may deem it wise to make a reduction of the rate, and it may be that the public interests will justify the state board of transportation in ordering such reduction. We have not laid down any cast-iron rule covering each and every separate rate. We only adjudged that the enforcement of the schedules of rates established by the state statute, looking at such rates as a whole, would deprive the railroad companies of the compensation they were legally entitled to receive. We did not pass judgment upon the reasonableness or unreasonableness of the rates on any particular article prescribed by the statute or by the railroad companies. If the State should by statute, or through its board of transportation, prescribe a new schedule of rates, covering substantially all articles, and which would materially reduce those charged by the companies respectively, or should by a reduction of rates on a limited number of articles make its schedule of rates, as a whole, produce the same result, the question will arise whether such rates, taking into consideration the rights of the public as well as the rights of carriers, are consistent with the principles announced by this court in the opinion heretofore delivered. Of course, the reasonableness of a schedule of rates must be determined by the facts as they exist when it is sought to put such rates into operation.

The decrees in the several cases are hereby modified by striking therefrom the words referred to in the application of the appellants.

*The decree in each case being thus modified, is affirmed.*