HAVERHILL GASLIGHT CO. v. BARKER et al.

(Circuit Court, D. Massachusetts. June 14, 1901.)

No. 1,294.

1. FEDERAL COURTS—JURISDICTION—SUIT AGAINST STATE.

A suit by a gas company against a gas commission created by the state, and the attorney general of the state, who is charged by statute with the duty of enforcing the orders of the commission by proceedings in the courts, to enjoin threatened proceedings to enforce such an order, and to have it declared void as in violation of the right of complainant under the constitution of the United States, is not a suit against the state, within the eleventh constitutional amendment.[1]

2. EQUITY JURISDICTION—PREVENTING MULTIPLICITY OF SUITS—SUIT TO DETERMINE CONSTITUTIONALITY OF STATE STATUTE OR REGULATION.

A federal court of equity has jurisdiction of a suit by a gas company against officers of a state to enjoin the threatened enforcement of an order made by defendants, under a statute requiring complainant to supply gas to customers at a rate which is alleged to be so unreasonably low that the enforcement of the order will result in depriving complainant of its rights under the fourteenth constitutional amendment, both on the ground of the prevention of a multiplicity of suits between complainant and its customers and because such a suit is the most appropriate method of determining the constitutional questions involved.

In Equity. On demurrer to bill.

Alfred Hemenway and Matthews & Thompson, for complainant.

Hosea M. Knowlton, Atty. Gen., for defendants.

LOWELL, District Judge. This is a bill in equity, brought by a Massachusetts corporation against the Massachusetts Gas Commission and the attorney general of the state. The bill sets out the statutes creating the commission, and defining its functions, among which is that of fixing the price of gas under certain circumstances. It sets out further certain statutes requiring the attorney general to proceed in the courts to enforce the orders thus made by the commission. It then sets out an order of the commission, made in due form, fixing the price of gas to be furnished by the complainant, which price the bill alleges to be so low as not to cover the reasonable cost of manufacture, with proper allowance for depreciation and a reasonable profit. The order of the commission is, therefore, alleged to be in violation of the provision of the fourteenth amendment of the federal constitution. The bill then alleges that the defendants are threatening, and are about

[1] Jurisdiction of suits against states, see note to Tindall v. Wesley, 13 C. C. A. 165.

to enforce, the order aforesaid, by instituting proceedings against the complainant in the courts of Massachusetts; that the order will prevent the complainant from collecting from its customers, without litigation, more than the price established by the order of the commission; that the order will lead to a multiplicity of suits, and will in other respects produce irreparable damage and injury. The bill prays that the order of the commission be declared null and void, that the defendants be restrained from taking steps to enforce it, and for general relief. The defendants have demurred to the bill on two grounds: First, that this court is without jurisdiction, because the proceeding is, in effect, a suit against the state of Massachusetts, and so beyond the jurisdiction of this court as limited by the eleventh amendment of the federal constitution; second, that the bill states no ground of relief in equity.

1. It seems to be well established by a multitude of cases, both in the supreme court and in other federal courts, that a bill in equity, brought against state officials to restrain the enforcement of a statute passed or of an order made in contravention of the fourteenth amendment of the federal constitution, is not excluded from the jurisdiction of this court by the terms of the eleventh amendment. Railroad Commission Cases, 116 U. S. 307, 6 Sup. Ct. 334, 388, 1191, 29 L. Ed. 631; Reagan v. Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; Smyth v. Ames, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819; Id., 171 U. S. 361, 18 Sup. Ct. 888, 42 L. Ed. 197; Railroad Co. v. Tompkins, 176 U. S. 167, 20 Sup. Ct. 336, 44 L. Ed. 417. It is doubtful if this proposition would have been contested by the defendants were it not for the case of Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535. This court need not here determine the precise line of distinction between Fitts v. McGhee and the other cases cited. The former does not purport to overrule any of the latter, and is, indeed, prior to Railroad Co. v. Tompkins. It is distinguished from them in several conditions, none of which is found in the case at bar. These differences appear to be: First. That none of the defendants in Fitts v. McGhee were charged by law with any special duty in connection with the act alleged to be unconstitutional. In this case the defendants are charged with a special duty in connection with the order of the gas commission. Again, in Fitts v. McGhee, the decree sought enjoined state officers from prosecuting indictments and criminal proceedings. No such proceedings are sought to be enjoined in this case. I hold, therefore, that this court has jurisdiction, so far as the eleventh amendment is concerned.

2. The grounds of equity jurisdiction set out are multiplicity of suits and irremediable injury. The suits which the bill alleges will be multiplied are those between the company and its consumers. These may be either suits brought by the company to collect gas rates, or suits brought by the consumers against the company to compel the company to supply gas at the rates fixed by the order of the commission. These are not suits to be brought by parties to this bill, but that does not appear to be necessary in order that multiplicity of suits may furnish a basis for a bill in equity. Smyth v. Ames, 169 U.

S. 466, 517, 518, 18 Sup. Ct. 418, 42 L. Ed. 819. The suits feared in this case, like many of those mentioned in Smyth v. Ames, would practically be disposed of by this bill in equity. Again, the supreme court has strongly intimated that a suit between a customer and a corporation is an undesirable method of determining the constitutionality of regulations imposed by the state. The evidence upon which must be rested the judgment of constitutionality or unconstitutionality is not introduced conveniently at the trial of an action at law to collect a gas bill. Railway Co. v. Wellman, 143 U. S. 339, 12 Sup. Ct. 400, 36 L. Ed. 176, was a contest over the validity of an act of a state legislature fixing the rate to be charged by railroads for passenger transportation. A passenger sought to buy a railroad ticket at the rate fixed. The company refused to sell at that rate, and the passenger immediately brought an action for damages. The trial court held the law constitutional. In delivering the opinion of the supreme court, Mr. Justice Brewer said, at page 343, 143 U. S., page 401, 12 Sup. Ct., and page 179, 36 L. Ed.:

"Can it be, under these circumstances, that the court erred in peremptorily refusing to instruct the jury that an act fixing a maximum rate at two cents per mile is unconstitutional? Is the validity of a law of this nature dependent upon the opinion of two witnesses, however well qualified to testify? Must court and jury accept their opinions as a finality? Must it be declared, as matter of law, that a reduction of rates necessarily diminishes income? May it not be possible—indeed, does not all experience suggest the probability—that a reduction of rates will increase the amount of business, and therefore the earnings?"

And again, referring to the suggestion made that the state authorities should be represented in the trial of the case, Mr. Justice Brewer said, at page 344, 143 U. S., page 402, 12 Sup. Ct., and page 179, 43 L. Ed.:

"We think there is much in the suggestion. The theory upon which, apparently, this suit was brought is that parties have an appeal from the legislature to the courts, and that the latter are given an immediate and general supervision of the constitutionality of the acts of the former. Such is not true. Whenever, in pursuance of an honest and actual antagonistic assertion of rights by one individual against another, there is presented a question involving the validity of any act of any legislature, state or federal, and the decision necessarily rests on the competency of the legislature to so enact, the court must, in the exercise of its solemn duties, determine whether the act be constitutional or not; but such an exercise of power is the ultimate and supreme function of courts. It is legitimate only in the last resort, and as a necessity in the determination of real, earnest, and vital controversy between individuals. It never was the thought that, by means of a friendly suit, a party beaten in the legislature could transfer to the courts an inquiry as to the constitutionality of the legislative act."

In Chicago, M. & St. P. Ry. Co. v. Minnesota, 134 U. S. 418, 10 Sup. Ct. 462, 33 L. Ed. 970, Mr. Justice Miller said, in a concurring opinion, at page 460, 134 U. S., and page 982, 33 L. Ed., that:

"The proper, if not the only, mode of judicial relief against the tariff of rates established by the legislature or by its commission is by a bill in chancery asserting its unreasonable character, and its conflict with the constitution of the United States, and asking a decree of court forbidding the corporation from exacting such a fare as excessive, or establishing its

right to collect the rates as being within the limits of a just compensation for the services rendered."

All the expressions just quoted were approved in Railway Co. v. Gill, 156 U. S. 649, 15 Sup. Ct. 484, 39 L. Ed. 567, and in that case, at page 666, 156 U. S., page 491, 15 Sup. Ct., and page 573, 39 L. Ed., Mr. Justice Shiras observed:

"Sometimes, in acting on this subject, the state legislatures have created commissions or boards of public works, with power to establish rates for the transportation of passengers and freight; and in such instances the course recommended by Mr. Justice Miller, already cited, may well be followed,—that the remedy for a tariff alleged to be unreasonable should be sought in a bill in equity, or some equivalent proceeding, wherein the rights of the public as well as those of the company complaining can be protected."

From these cases it appears that the supreme court considers a bill in equity the most appropriate method of determining a controversy like that presented in the case at bar. The method has been followed in many cases in the circuit court, which need not be cited here. The defendants urged in argument with considerable force that the statutes of Massachusetts provide for the institution by the attorney general of proceedings in equity to enforce the order of the gas commission. In such proceedings the complainant could set up the unconstitutionality of the order as fully as in this case, and the matter could be determined once for all. Were this statutory equitable proceeding the only one the complainant has reason to fear, the argument might, perhaps, prevail; but, considering the possible lawsuits with its customers, as well as the intimations of the supreme court, above quoted, that a bill in equity by the corporation against the state officers is the proper method of testing the validity of an order fixing rates, I think this bill can be maintained.

The bill further alleges in an amendment that the order will in other respects produce irreparable damage and injury. Doubtless, the bill should have alleged in what this damage and injury would consist; but, taking all the allegations of the bill together, and assuming that knowledge of business affairs which judges are supposed to share with other ordinary men, I think it probable that a second ground of equitable jurisdiction is set up sufficiently, though somewhat meagerly. Demurrer overruled.