### HIGGINSON et al. v. CHICAGO, B. & Q. R. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 21, 1900.)

No. 1,431.

1. APPEAL—REVIEW—ORDER DENYING TEMPORARY INJUNCTION.

The granting of a temporary injunction rests in the sound judicial discretion of the chancellor, and his action in refusing such interlocutory relief will not be reversed on appeal unless there is a strong probability that the complainant on final hearing will show himself entitled to the relief prayed for, or unless it appears that the complainant will sustain great loss and damage, or be put to unnecessary trouble and expense, if the existing status is not maintained.

2. TEMPORARY INJUNCTION—GROUNDS—RESTRAINING ACTION OF STATE BOARD.

Where a state board of transportation had made an order requiring a railroad company to appear before it and show cause why a reduction in certain freight rates should not be made, and a temporary injunction was sought by a supplemental bill to restrain the board from entering upon such hearing, which relief was based on the ground that the board had no power to order a reduction in rates, it was held that an order denying a temporary injunction was properly entered—First, because the relief sought by the supplemental bill was based upon grounds which were so far doubtful that it would have been unwise to grant a temporary injunction; and, second, because it was doubtful whether the relief sought by the supplemental bill could be obtained otherwise than by an original bill.

Appeal from the Circuit Court of the United States for the District of Nebraska.

W. D. McHugh (J. M. Woolworth, on the brief), for appellants.
Constantine J. Smyth, Atty. Gen. of Nebraska, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an appeal from an order made by the circuit court of the United States for the district of Nebraska denying a temporary injunction. 100 Fed. 235. The appellants, Henry L. Higginson et al., filed a supplemental bill in a case originally brought by the same complainants against the Chicago, Burlington

& Quincy Railroad Company and the board of transportation for the state of Nebraska, as then constituted, wherein the complainants had succeeded, after a lengthy litigation (vide Higgonson v. Railroad Co., 64 Fed. 165; Smyth v. Higginson, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. Ed. 819; Id., 171 U. S. 361, 18 Sup. Ct. 888, 43 L. Ed. 197), in obtaining a decree which, in substance, restrained the defendants in the original case from putting in force the scale of rates that was prescribed by an act of the legislature of the state of Nebraska approved on April 12, 1893, entitled "An act to regulate railroads, to classify freights, to fix reasonable maximum rates to be charged for the transportation of freight upon each of the railroads in the state of Nebraska and to provide penalties for the violation of this act." The supplemental bill which was filed in said cause, after setting out the previous proceedings that had been taken therein, and the terms of the final decree, alleged, among other things, that the state board of transportation for the state of Nebraska on February 3, 1900, had made an order reducing the local distance tariff on corn, oats, and some other agricultural products 30 per cent. below the tariff that was in force on such products on December 1, 1899, and requiring the various railroad companies in the state of Nebraska to show cause on February 20, 1900, why said rates as so reduced should not be put in force; also that said board on February 8, 1900, had made another order reducing the rate on cattle 10 per cent., and the rate on hogs 5 per cent., below the rates which were in force for the transportation of such animals on December 1, 1899, and requiring the aforesaid railroad companies to show cause on or before March 1, 1900, why such order should not be enforced. It was further averred in the supplemental bill that in making said orders said board claimed to be exercising powers that were conferred upon it by an act of the legislature of the state of Nebraska creating the state board of transportation, and defining its powers, which was approved on March 31, 1887; that the board claimed that said act of March 31, 1887, was still in force, and conferred upon it the power to hear complaints concerning unreasonable rates for the transportation of freight, and to order a reduction of the same if they were found to be excessive, but that such claim on the part of the board was untenable,—the fact being, as the complainants averred, that the power of the board to hear complaints of such a nature, and to prescribe rates for the transportation of freight from one point to another within the state of Nebraska, as conferred by the act of March 31, 1887, had been taken away and repealed by the act of April 12, 1893, heretofore mentioned, and that since the passage of the latter act the power originally vested in the board with respect to rates for the transportation of freight had ceased to be operative, its only power in that respect being such as was conferred by the act of April 12, 1893. In view of the premises, an injunction was asked to restrain the board of transportation from proceeding with the hearings contemplated by the aforesaid orders of February 3, 1900, and February 8, 1900, and from making any orders whatsoever with respect to rates for the transportation of freight between points within the state. The complainants made an application for a temporary restraining order to the effect last stated, to con-

tinue in force until a final decision, but after a hearing upon said motion the application was denied.

As the appeal is from the interlocutory order last mentioned, we do not deem it necessary or expedient to express a definite opinion at this time concerning the various questions that were discussed on the hearing of the appeal or to consider those questions at length. In disposing of the application for a temporary restraining order the lower court was called upon to exercise one of its discretionary powers, and the order from which the appeal is taken should not be disturbed unless there is a strong probability that on the final hearing the complainants will show themselves to be entitled to the relief sought by the supplemental bill, or unless it appears that the complainants will sustain great loss and damage, or that they will be put to unnecessary trouble and expense, if the existing status is not maintained until the final hearing. It rests in the sound judicial discretion of a chancellor to grant or withhold the species of interlocutory relief which was sought in the present instance, and, as this court has heretofore held, in substance, it will not undertake to reverse the action of a court or judge to whom an application for such relief is first addressed, unless it clearly appears that the court or judge erred in the exercise of that discretion, and that, in accordance with well-established equitable principles and rules of procedure, it should have acted differently. City of Newton v. Levis, 49 U. S. App. 266, 25 C. C. A. 561, 79 Fed. 715; Kelley v. Boettcher (C. C.) 89 Fed. 125, 128, 129.

In the present instance we are not satisfied that the ground upon which the appellants base their right to relief is tenable, and that it will be upheld on final hearing, nor does it appear that the appellants will sustain any loss or damage, or that they will be put to any unnecessary trouble or inconvenience, by the refusal of a temporary injunction. The orders which have been made by the state board of transportation are merely tentative. They do not establish a schedule of freight rates, and require the same to be put in force immediately, but simply direct the various railroad companies to show cause why certain rates should not be established. No reason is perceived why the companies against whom the orders run should be relieved by injunction of the duty of appearing before the board, and disclosing to that public body the reasons which they may have to present why the board should not further proceed with the contemplated hearings, or why the proposed schedule of rates is unjust or unreasonable if the board determines to proceed with the hearing. No harm can result to the appellants from taking such action, and a court of equity should not relieve them from the performance of that duty unless it clearly appears that the board of transportation under existing laws has no power to enter upon the hearing, or to consider whether existing rates are reasonable or unreasonable, or to make any orders with relation thereto. As heretofore stated, we are not satisfied that the state board of transportation has been deprived of its powers to the extent last indicated; but without expressing a definite opinion upon that question, which can be better determined on the final hearing, we shall content ourselves with the general statement that a temporary restraining order ought not to have been

granted on the assumption that the board had been wholly devested of its powers in the respects last stated, and that further action on its part on the lines indicated in the aforesaid orders would be wholly in excess of its jurisdiction. The lower court, in our judgment, very properly concluded that the relief demanded was based upon grounds which were so far doubtful that it would be unwise to arrest the action of the board by a temporary injunction.

In conclusion we deem it proper to add that the fundamental question which is presented by the supplemental bill concerns the extent to which the act of March 31, 1887, creating the state board of transportation, has been repealed, and the powers of the board taken away by the subsequent act of April 12, 1893. The complainants base their right to relief, so far as we are at present advised, upon the theory that the board of transportation is at present proceeding to exercise powers conferred upon it by the former act which were withdrawn, by implication only, by the later act; and as this question was in no wise raised or considered in the original case in which the supplemental bill has been filed, but is essentially a new question, we have been led to entertain, and we do entertain, grave doubts whether a supplemental bill to settle that question can be lawfully entertained consistently with established rules of procedure in equity. It would seem to be more appropriate to litigate a new question of that nature by an original bill, and this is an additional reason which has induced us to approve of the action of the circuit court in denying a temporary injunction. The order from which the appeal was taken is therefore affirmed.