## AMERICAN GRAIN SEPARATOR CO. et al. v. TWIN CITY SEPARATOR CO.

(Circuit Court of Appeals, Eighth Circuit. January 12, 1915.)

No. 4148.

PATENTS ⊚⇒328—INFRINGEMENT—GRAIN SEPARATOR.

    The Froslid patents, No. 668,175 and No. 684,751, each for a grain separator, *held* infringed as to claim 1 of each patent.

Appeal from the District Court of the United States for the District of Minnesota; Charles A. Willard, Judge.

Suit in equity by the Twin City Separator Company against the American Grain Separator Company and Robert J. Owens. Decree for complainant, and defendants appeal. Affirmed.

    See, also, 202 Fed. 202, 120 C. C. A. 644.

    Amasa C. Paul, of Minneapolis, Minn., for appellants.

    James F. Williamson, of Minneapolis, Minn., for appellee.

    Before HOOK and CARLAND, Circuit Judges, and REED, District Judge.

REED, District Judge. The Twin City Separator Company, appellee, hereinafter called the plaintiff, sued the appellants, the American Grain Separator Company, a corporation, and Robert J. Owens, its president, hereinafter called the defendants, for alleged infringements of claim 1 of United States letters patent No. 668,175, issued February 19, 1901, and the three claims of United States letters patent No. 684,751, issued October 15, 1901, both to Anton S. Froslid, for improvements in fanning mills or grain separators, and for an injunction and accounting of profits and damages. The hearing resulted in a decree for the plaintiff that defendants infringed claim 1 of each of said patents by its machines known as "Winner No. 1" and "Winner No. 2," and granted an injunction restraining defendants from further infringing said claims, with the usual order for an accounting of profits and for damages. The defendants appeal.

Both of the patents in suit were before this court in the case of J. L. Owens Co., Appellant, v. Twin City Separator Co., this appellee, in 168 Fed. 259, 93 C. C. A. 561, where they were adjudged valid February 25, 1909, and to have been infringed by the machine made and used by the J. L. Owens Company, defendant in that suit, called the "Superior" machine. We refer to the opinion in that case for a full description of the principle and mode of operation of the mill of the two patents in suit, and of the mill there held to be an infringement thereof. We are now to determine whether or not these pat-

---

ents are infringed by the Winner machines No. 1 and No. 2, made by these defendants.

At the time of the suit against the J. L. Owens Company, above mentioned, the defendant Robert J. Owens was a stockholder in and superintendent of that company, and was familiar with the "Superior" machine, held in that case to infringe the "Hero Mill," as it is called, of the patents in suit. He subsequently sold his stock in that company, and organized, or assisted in organizing, the corporate defendant in this suit, the American Grain Separator Company, became its president, and the owner of a majority of its stock. After the decision of the J. L. Owens Company Case, the defendants engaged in the manufacture and sale of the alleged infringing machine, Winner No. 1, involved in this suit. In this mill the defendants substitute, for the long flexible aprons between the sieves of the "Superior" mill of the J. L. Owens Company, aprons consisting of thin slats of wood an inch and a half wide and $3/16$ of an inch apart, held together by straps of leather fastened across the centers of the slats, which are placed diagonally across the sieves on which they ride, and slanted in the opposite direction from the slats in the aprons above and below the sieves. The plaintiff, claiming that these aprons of the Winner mill No. 1 infringed the mill of the Froslid patents, brought this suit September 27, 1911, against the defendants to restrain such infringement, and asked for a preliminary injunction against the use of the Winner mill No. 1. Upon a hearing of this application on the bill, affidavits and counteraffidavits the court held the Winner mill No. 1 to be an infringement of the claims of the Froslid patent in suit, and on October 23, 1911, granted a preliminary injunction restraining them from further infringement of said patents by that mill or in any other way. The defendants then made their Winner mill No. 2, which differs from the Winner mill No. 1 in that the wooden slats are $2^1/16$ of an inch wide and $5/16$ of an inch apart connected by wooden strips laid directly across the slats and fastened to the stationary parts of the mill by rigid strips of metal. After the defendants had made and sold some of these mills, the plaintiff moved against them for contempt in violating the injunction of October 23, 1911, by the use of that mill. After a full hearing of both parties upon affidavits and counteraffidavits, the court early in March, 1912, held the Winner mill No. 2 to be an infringement of claim 1 of each of the Froslid patents, and imposed a fine upon the defendants, which they paid.

The defendants then devised a plan for a mill called the Winner No. 3, submitted a drawing thereof to, and moved the court for permission to use its mills furnished with aprons as described in this drawing for a period of 30 days, and for a modification of its opinion in the contempt proceedings. The proposed Winner No. 3 differed somewhat from the Winner mills Nos. 1 and 2; but it need not be further noticed, as the motion was denied, and the proposed Winner No. 3 mill is not involved in this appeal.

Thereafter the defendants moved to dissolve the injunction of October 23, 1911, and upon a hearing of this motion, on the affidavits and counteraffidavits theretofore used upon the former hearing and addi-

tional affidavits, and upon a full hearing accorded to both parties, the motion to dissolve was denied, and from that order an appeal was brought to this court under section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1913, § 1221]). Upon the hearing in this court the order appealed from was affirmed. American Grain Separator Co. et al. v. Twin City Separator Co., 202 Fed. 202, 120 C. C. A. 644. Reference to the opinion in that case is made for a statement of the facts, and the grounds upon which the refusal to dissolve the injunction of October, 1911, was affirmed, from which, and the record before us in this case, the foregoing statement is condensed.

Thereafter the case proceeded to a hearing in the District Court, upon which an interlocutory decree was rendered, holding that Winner machines No. 1 and No. 2 each infringed claim 1 of the two Froslid patents, but that neither infringed the second and third claims of the second of said patents. The usual decree for an injunction, and for an accounting of profits, and for damages, was rendered, and the case is here upon an appeal from such decree.

The principal errors assigned are that the court erred in refusing to dismiss the bill, and in decreeing that said Winner machines Nos. 1 and 2 infringe, respectively, claim 1 of the first and claim 1 of the second Froslid patents.

Claim 1 of the first Froslid patent, No. 668,175, reads in this way:

"In a grain separator, the combination with a series of overlapping sieves receiving the passed stock, one from the other, the lower sieves projecting successively in a given direction, of a corresponding series of main or head decks underlying each higher sieve for receiving from the head portion of the overlying or higher sieve and delivering to the head of the next lower sieve, and a corresponding series of lap decks underlying the lower portion of each higher sieve and overlying the upper portion of each lower sieve, said lap decks inclining in the same direction as said main decks and sieves, for receiving from the lower portion of the overlying sieve and delivering to the central portion of the lower or underlying sieve, substantially as and for the purposes set forth."

Claim 1 of the second Froslid patent, No. 684,751, reads as follows:

"In a grain separator, a series of overlapped sieves, and a series of overlapped dividing aprons, with the sieves extending beyond the ends of said aprons, and with the delivery ends of the overlying aprons overlapping the receiving ends of the underlying aprons, substantially as described."

The contention in behalf of the defendants is in effect, if we correctly understand their counsel, that the thin wooden slats or grids of the defendants' Winner machines perform the office of a rider, and keep the oats in a horizontal position to prevent or retard their falling through the sieves of the mill, as do the riders of the mill of the Froslid patents, but in a wholly different way from the flexible rider of that mill; that in the Froslid invention it is the weight of the flexible rider moving with the sieve or screen which keeps the oat kernels in a horizontal position thereon, and that such rider must be sufficiently flexible at all times to meet the irregularities of the sheet of stock beneath it; that in the Winner machines the slats do not move with the sieves, but are anchored by some means in a sta-

tionary position, and the sieves move between them, instead of reciprocating with them, as in the Froslid patents; that the result is that the slats of the Winner machines operate to level the oats on the sieves, not by weight, but by reason of the relative movement of the sieve and the slats, which continually push the oats along the sieves in a horizontal position, so that it is immaterial whether the slats used are or are not flexible; that the slats of the Winner machines are not carriers, as this term is used by this court in its opinion in the J. L. Owens Company Case, for the stock passing through a sieve, if any may strike on the sieve or screen below or on the slats, but if in the latter position it at once seeks .the sieve between the riders, and cannot be delivered from one slat to another below, because the slats are not in overlapping relation; that the slats are not dividing aprons or carriers, as are those of the Froslid patents, but are simply spreaders or levelers of the grain, and their mode of operation is radically different from the parceling aprons or carriers (lap decks so-called) of the Froslid patents; that the separating action of the slats or riders of the Winner machines is exactly the same as it would be if those slats were not present.

In so contending no account seemingly is taken of the fact that in the Winner machine No. 1 the slats are 1½ inches wide and less than ¼ of an inch apart, and in the Winner machine No. 2 the slats are $2^{1}/_{16}$ inches wide and $^{5}/_{16}$ of an inch apart. This permits of a considerable degree of flexibility, and for the definite purpose of adjustment of the slats to the sheet of stock upon which they ride; otherwise, the slats might as well be in one piece, covering the entire sieve, without any opening in it. With the machine in operation the shaking movement lengthwise of the series of sieves, and its effect upon the stock, practically all of the stock will fall between the slats, and will be thus carried forward to the faces of the underlying slats, until it passes the entire set of sieves. The slats in the Winner machine, in relation to each other and to the sieves between them, are therefore in such position that the unseparated stock is delivered from the upper sieves to the lower slats, substantially as in the so-called lap decks or dividing aprons of the mill of the Froslid patents. Such slats, therefore, perform the same function, accomplish the same results, and in substantially the same way as the so-called lap decks or dividing aprons of the mill of the Froslid patents, and the imperforate aprons with transverse slots or openings in them of the "Superior" mill of the J. L. Owens Company. The fact that the aprons of these Winner machines are divided into thin slats, with narrow spaces or openings between them, instead of a single apron for each sieve, as in the Froslid mill, and of different material, is not sufficient to save them from infringement of the Froslid patents.

We have carefully considered the evidence upon the question of the alleged infringement of the Froslid patents by these Winner machines, and the briefs of counsel of the respective parties bearing thereon; and without reviewing the testimony, or the briefs of counsel further, we deem it sufficient to say that in our opinion the decree of the District Court, finding infringement of claim 1 of each of the

patents in suit by defendants' Winner mills Nos. 1 and 2, is amply sustained by the greater weight of the evidence, and that the decree should therefore be affirmed.

The appellants complain of the admission in evidence of the letter of the J. L. Owens Company to Rollef Berg of November 11, 1904, and an advertising folder or circular of said company, used in the hearing of the case of the J. L. Owens Company, and the testimony of Anton S. Froslid in relation thereto upon his examination in this case. It is the contention of the plaintiff that the testimony shows that this letter and advertising circular was prepared by the defendant Robert L. Owens, or by his direction, when superintendent of the J. L. Owens Company, and is therefore admissible as against him. This testimony was taken under the prior equity rules, and, whether or not properly admissible in this case, we are of opinion that no possible prejudice could result to the appellants, because of its admission. See present equity rule No. 47 (198 Fed. xxxi, 115 C. C. A. xxxi).

The decree of the District Court is affirmed.