## EL DORADO & W. RY. CO. v. CHICAGO, R. I. & P. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1925.)

No. 6784.

1. **Appeal and error ⚖➾954(1) — On appeal from order granting or denying temporary injunction, question reviewable is merely whether court clearly abused its discretion.**

On appeal from order granting or denying temporary injunction, question before Circuit Court of Appeals is not whether it would have granted or denied injunction on pleadings and evidence before court below, but whether on record court's abuse of its discretion is clearly shown.

2. **Railroads ⚖➾7—Allowance of temporary injunction against construction of extension across terminal yards and tracks of another railroad held not abuse of discretion.**

Allowance of temporary injunction against construction of 1,500-foot extension across four railroad tracks of another line, on terminal grounds of that line, to connect with a third line without certificate of public convenience or necessity, as required by Transportation Act 1920, § 402 (18), being Comp. St. Ann. Supp. 1923, § 8563 (18), held not abuse of discretion.

3. **Railroads ⚖➾7—"Extension" to connect with another railroad held within Transportation Act, requiring certificate of public convenience and necessity.**

1,500-foot extension across terminal grounds and four tracks of another railroad, to connect with a third, with which connections were already had through use of second road's facilities, held a direct "extension," for which certificate of public convenience and necessity was required by Transportation Act 1920, § 402 (18) being Comp. St. Ann. Supp. 1923, § 8563 (18), notwithstanding section 402 (22), being Comp. St. Ann. Supp. 1923, § 8563 (22), creating exceptions.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Extend—Extension.]

Symes, District Judge, dissenting.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit for injunction by the Chicago, Rock Island & Pacific Railway Company against the El Dorado & Wesson Railway Company. Decree for plaintiff, and defendant appeals. Affirmed.

T. J. Gaughan, J. T. Sifford, J. E. Gaughan, and E. E. Godwin, all of Camden, Ark., for appellant.

Thomas S. Buzbee, George B. Pugh, and H. T. Harrison, all of Little Rock, Ark., for appellee.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

SANBORN, Circuit Judge. The Chicago, Rock Island & Pacific Railway Company, the complainant, brought a suit in equity in the court below for an injunction against the prosecution by the El Dorado & Wesson Railway Company, the defendant, of its petition to the Arkansas Railroad Commission for an order authorizing it to make an extension of one of its railroad tracks at El Dorado, Ark., for a distance of about 1,500 feet on the right of way of and across four of the railroad tracks of the complainant to a connection with one of the railroad tracks of the Missouri Pacific Railroad Company. The defendant answered the bill of the complainant, evidence was introduced, a final hearing had, and the court below found and held "that defendant has not obtained a certificate of convenience from the Interstate Commerce Commission, authorizing the construction or extension of said track, and that to construct or attempt to construct same without obtaining said certificate is a violation of Transportation Act 1920," and that court temporarily enjoined the defendant

from prosecuting its petition before the Arkansas Railroad Commission or constructing its proposed extension until it obtained a certificate of convenience or authority therefor from the Interstate Commerce Commission or until the further order of the court.

[1] The defendant has appealed from this injunction and the question in this court is not whether or not it would have granted such an order upon the pleadings and evidence before the court below, but whether or not the record clearly establishes the fact that the court below failed fairly to exercise its discretion in granting its injunction. It is to the discretion of the trial court, and not to that of the appellate court, that the law has intrusted the power to grant or dissolve such an injunction, and when that court has not departed from the rules and principles of equity established for its guidance and has not fallen into any error of law, its orders in this regard may not be reversed by an appellate court, without clear proof that it abused its discretion. American Grain Separator Co. v. Twin City Separator Co., 202 F. 202, 206, 120 C. C. A. 644; Magruder v. Belle Fourche Water Users' Ass'n, 219 F. 72, 82, 135 C. C. A. 524; Kemmerer v. Midland Oil and Drilling Co., 229 F. 872, 876, 144 C. C. A. 154; Lion Tractor Co. v. Bull Tractor Co., 231 F. 156, 161, 145 C. C. A. 344.

[2] The three railroad companies interested in this controversy are common carriers. The complainant and the Missouri Pacific Company have lines of railroad extending into and through many states and are engaged in transportation in interstate commerce. The defendant has a railroad, about 12 miles long, extending from Wesson to El Dorado, Ark. Its business is the transportation of lumber from Wesson and oil from a point about 4 miles southeast of El Dorado to the latter city, and then over the railroads of the complainant and the Missouri Pacific Company to points in distant states. It sends over these railroads about 16,800 cars of freight per annum; about 40 per cent. of them pass over the railroads of the complainant, and about 60 per cent. of them over the railroads of the Missouri Pacific Company. The defendant brings all these cars into El Dorado, where its tracks connect with the tracks of the complainant. The complainant then transports the 60 per cent. destined to points on or over the Missouri Pacific lines over complainant's tracks to the tracks of the Missouri Pacific Company in El Dorado, and transports the 40 per cent. destined to points on and over its lines toward their destination over its own lines. The complainant charges $3.60 per car for transporting the cars from the defendant's tracks to those of the Missouri Pacific Company. The Missouri Pacific Company absorbs this charge of $3.60.

The extension of the railroad of the defendant from its tracks to the tracks of the Missouri Pacific, which the defendant seeks to construct, will lie exclusively on the right of way of the complainant and will cross four of its tracks on its terminal grounds at El Dorado. The complainant has large and valuable terminals at that city, and it claims that the proposed extension of the defendant's railroad and the operation thereof will seriously interfere with the complainant's use and operation of its terminal and tracks, and the defendant claims and its witness testifies to the contrary. The testimony is undisputed that the construction and operation of this extension will deprive the complainant of the revenue it derives from its transportation of the cars of the defendant from its tracks to those of the Missouri Pacific. The main line of the complainant does not pass the station at El Dorado, but that station is reached by its trains over a Y. The defendant's proposed extension will cross over the tracks which connect the complainant's passenger station with complainant's main line. The complainant has adequate facilities to transport the cars from the tracks of the defendant to those of the Missouri Pacific Company and can perform this transportation on its own tracks.

Mr. Buchner, the vice president and general manager of the defendant, testified that the convenience with which its cars that pass over the Missouri Pacific lines would be handled would be increased by the construction and operation of the proposed extension, that the defendant had under consideration an opportunity to lease its terminal property at El Dorado to the Missouri Pacific Company for six years, that it was on account of this opportunity to make a lease that it was specially interested in the construction of this extension, but that it desired it in any event. He also testified as follows:

"Q. What is the charge made at present by the Chicago, Rock Island & Pacific Railway for switching cars between the El Dorado and Wesson and the Missouri Pacific? A. $3.60.

"Q. Which road pays the $3.60? A. At present, the Missouri Pacific.

"Q. Now, does the fact that this charge is made and the Missouri Pacific have to pay —that is a factor in the division of the

through rate? A. It certainly is. We can get our loads to the Missouri Pacific over this track just as cheaply, or nearly so, as to leave them where they are and pay $3.60.

* * *

"Q. Mr. Buchner, the El Dorado & Wesson gets the same division, does it not, for business delivered to Missouri Pacific points as it does to the Rock Island? A. Yes, sir.

"Q. In other words, the division to the El Dorado & Wesson is the same? A. It is at the moment.

"Q. Well, how do you think that it would be changed? A. I don't know that it would be changed.

"Q. It could not be changed, except by the consent of each of the railroads or the order of the Interstate Commerce Commission, could it? A. No, sir; it could not.

"Q. Under the present arrangement, the El Dorado & Wesson would not earn any more money by taking the freight to the Missouri Pacific than it does now? A. Without the change? No, sir; it would not."

If the defendant, the appellant here, is earning and receiving the same amount from its transportation business under the existing arrangement and practice that it would receive if the extension sought were completed and in operation, the injunction against its prosecution of its petition for permission to construct it does not seem to have been either injurious, inequitable, or unjust to that company.

[3] Transportation Act Feb. 28, 1920, chapter 91, 41 Stat. 456, 477, § 402 (18), being Comp. St. Ann. Supp. 1923, § 8563 (18), provides that "no carrier by railroad subject to this act shall undertake the extension of its line of railroad, or the construction of a new line of railroad, or shall acquire or operate any line of railroad, or extension thereof, or shall engage in transportation under this act over or by means of such additional or extended line of railroad, unless and until there shall first have been obtained from the Commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation, or construction and operation, of such additional or extended line of railroad." It also provides in section 405 (4), 41 Stat. page 479, being Comp. St. Ann. Supp. 1923, § 8565(4), that the Commission shall have power to require the use of the terminal facilities of one such carrier by another and to fix the compensation therefor.

Counsel for the defendant, however, contend that the construction of the extension here sought falls within the exception from the jurisdiction of the Commission, stated in section 402 (22), 41 Stat. p. 478, being Comp. St. Ann. Supp. 1923, § 8563 (22), in these words: "The authority of the Commission conferred by paragraphs (18) to (21), both inclusive, shall not extend to the construction or abandonment of spur, industrial, team, switching or side tracks, located or to be located wholly within one state, or of street, suburban, or interurban electric railways, which are not operated as a part or parts of a general steam railroad system of transportation." They cite in support of this proposition, and we have read and considered, the opinions in Detroit & M. R. Co. v. Boyne City, G. & A. R. Co. (D. C.) 286 F. 540, 544, 545, 547, 548; Public Convenience Application of A. & S. A. B. Ry., 71 Interst. Com. Com'n R. 784, 792, and other cases.

But the pleadings and evidence in this case leave no doubt that the 1,500 feet of railroad, which the defendant proposes to construct on the right of way of the complainant and across four of its railroad tracks on its terminal grounds at El Dorado, is a direct extension of the railroad of the defendant from the terminus of one of its tracks to the terminus of one of the tracks of the Missouri Pacific Railroad Company, that the purpose of the proposed construction is and the effect of it, if permitted, will be, by the lease thereof by the defendant to the Missouri Pacific Railroad Company or by some other arrangement between them, to operate it or cause it to be operated for the through transportation over the railroads of these companies of interstate freight from and to Wesson and other stations on the defendant's railroad to and from points in other states, such as the points north of the Ohio river and east of the Missouri river to which Mr. Buchner testified that all the lumber from the defendant went. Dayton-Goose Creek R. Co. v. United States, 263 U. S. 456, 483, 44 S. Ct. 169, 68 L. Ed. 388, 33 A. L. R. 472; Railroad Commission of California v. Southern Pacific Co., 264 U. S. 331, 338, 342–346, 44 S. Ct. 376, 68 L. Ed. 713. And our conclusion is that the court below neither fell into an error of law in its conclusion that the question whether or not the present or future public convenience and necessity require or will require the construction of this extension was within the jurisdiction of the Interstate Commerce Commission, nor abused its discretion in granting the injunction.

The order for the injunction is therefore affirmed.

SYMES, District Judge, dissents.