## INTERSTATE TRANSIT, Inc., v. CITY OF DETROIT, MICH.

### No. 5493.

Circuit Court of Appeals, Sixth Circuit.

Jan. 6, 1931.

T. L. Tallentire and Irwin S. Rosenbaum, both of Cincinnati, Ohio (H. Lynne Barber, of Cincinnati, Ohio, on the brief), for appellant.

C. E. Page, of Detroit, Mich. (Clarence E. Wilcox, of Detroit, Mich., on the brief), for appellees.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Plaintiff brought its bill in the court below seeking an injunction to restrain the enforcement of an ordinance of the city of Detroit which required interstate bus operators to procure a city license before being permitted to operate upon the public streets. Some of the ordinance provisions are quite clearly regulatory in character, such as the routing of buses, brake equipment, mechani-

cal requirements, registration of drivers, etc. These are not seriously objected to, but it is claimed by the plaintiff that other provisions, requiring (1) the filing of a policy of insurance, or the giving of an indemnity bond in the penal sum of $500 for each bus, to indemnify persons (other than passengers) against injury arising from operation, and (2) the payment of a "highway maintenance and repair fee," calculated upon a mileage basis, and graduated in proportion to the seating capacity of the buses, convert an otherwise possibly unobjectionable ordinance into an income-producing or tax measure, are void for want of authority in the city to enact such requirements, and deny to plaintiff the equal protection of the laws and take its property without due process of law, all contrary to the Fourteenth Amendment to the Constitution, of the United States, the Constitution of the State of Michigan (article 2, § 16), and established principles of the general law. Federal jurisdiction also appears by reason of diversity of citizenship. An injunction pendente lite was sought and refused and the plaintiff appeals under section 129 of the Judicial Code (title 28, U. S. Code, § 227 [28 USCA § 227]).

▆▆▆ This court should not attempt now to determine the meritorious question as if upon final hearing. Not only will the courts refuse to pass upon constitutional questions except and until absolutely necessary, but ultimate rights should be decided only when the court is "in possession of the materials necessary to enable it to do full and complete justice between the parties." Cf. Eagle Glass & Mfg. Co. v. Rowe, 245 U. S. 275, 281, 38 S. Ct. 80, 83, 62 L. Ed. 286. Such is not the case here. We are therefore confined to the single question of the right to a temporary injunction upon the showing made.

[4-6] Ordinarily the only questions raised upon such an appeal from an interlocutory order are whether the court had jurisdiction and, if so, whether it exceeded a reasonable discretion in making the order; for the granting or refusing of a temporary injunction is addressed to the sound discretion of the trial court and the determination of that court will not be disturbed "unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion." Meccano, Ltd. v. John Wanamaker, 253 U. S. 136, 141, 40 S. Ct. 463, 465, 64 L. Ed. 822; City of Owensboro v. Cumberland Tel. & Tel. Co., 174 F. 739, 747 (C. C. A. 6); El Dorado & W. Ry. Co. v. Chicago, etc., Ry. Co., 5 F.(2d) 777 (C. C. A. 8); Goldwyn Pictures Corp. v. Goldwyn, 296 F. 391 (C.

C. A. 2); Decorative Stone Co. v. Building Trades Council, 13 F.(2d) 123 (C. C. A. 2).

[7] While this court has consistently recognized the general rule as above stated, certain qualifications have developed in its application. Thus in Cumberland Tel. & Tel. Co. v. Memphis, 200 F. 657, 658 (C. C. A. 6), it was held that "when the determinative question is one of law, and the record shows that the court below acted according to its view of this question, and did not assume to exercise discretion in any matter of fact or of expediency, this court will, upon appeal from the interlocutory order, consider and decide the legal question, and accordingly direct the granting or withholding of the injunction." The present case, we think, falls within the class just mentioned.

The question presented to the court below involved the substantial nature and debatable character of the plaintiff's claim, and the probability of the irreparable injury to the plaintiff, if the status quo were not maintained. The frequently arising questions of the balance of equities and the possibility of severe damage to the defendant if the temporary injunction wrongly issued, as is often the case in patent litigation, did not arise here. The damage to this defendant, from an injunction pendente lite, could at best be but trivial—a mere postponement in collection of its fees. But if the plaintiff were forced to apply for license, give the required bond and bind itself to the payment of the stipulated repair fees, the action for injunction would become a moot case, and we are cited to no case or statute then authorizing recovery of the moneys so paid. The only other alternative would be to submit to prosecution for failure to take out the required license, and the severity of possible penalties of fine and imprisonment make such a course dangerous, and the remedy presented wholly inadequate. Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

▆▆▆ We do not consider it to have been necessary for the court below, upon a hearing of the motion for temporary injunction, to have decided the ultimate question of the right of the plaintiff to a permanent injunction, but only whether the bill stated a cause of action and whether, unless the existing status be preserved, the plaintiff would be deprived of the right of contesting the questions presented and thus suffer an irreparable injury. This is a question which we may consider upon appeal (Higginson v. Chicago, B. & Q. R. Co., 102 F. 197, 199 [C. C. A. 8]), and, just as where the temporary injunction

has been granted it will not be disturbed if it simply preserves the existing state of things "until the rights of the parties can be safely and fully investigated and determined upon strictly legal proofs according to the course and principles of equity" (Maison Dorin Societe Anonyme v. Arnold, 296 F. 387, 390 [C. C. A. 2]), so here the policy and purpose of the courts should be toward the protection and preservation of all possible rights of the parties. The action of the court below is explainable only upon the hypothesis that, in the opinion of the court, it clearly appeared from the bill that the plaintiff was without possible remedy, that the ordinance was obviously valid whatever the proofs disclosed, and that the claims of unconstitutionality and invalidity were unsubstantial and unsound. In this position we cannot concur.

■ It is conceded that the city of Detroit has been granted full powers to regulate and control the use of its streets and the operation of public utilities within the city (Mich. Const. art. 8, § 28; Act No. 279, Public Acts of 1909; title 3, ch. 1, § 12 of Charter), but it is urged on behalf of the plaintiff that the present legislation is a revenue measure in which the fees exacted largely exceed the reasonable cost of regulation under the police powers; that it must therefore be considered an excise tax and not a regulatory measure; that the right to levy excise taxes resides in the Legislature of the state, and cannot be exercised by a municipality unless specifically delegated, which has not been done here; that, in any event, the right of regulation and control of public utilities and of the vehicular use of the public highways of the state also normally resides in the Legislature, and the delegation of this power to municipalities, as distinguished from the power to control the general traffic and the erection of structures in or upon the streets themselves, is always subordinate to the exercise of the dominant right by the Legislature, and that this latter right has been exercised by the Legislature in the passage of Act No. 1 of the Public Acts of 1925 and the procurement by the plaintiff of a certificate of public convenience and necessity from the state Public Utilities Commission; that the ordinance in question lays an additional and unreasonable burden upon interstate commerce and is therefore invalid under article 1, § 8, of the Constitution of the United States; and that it is likewise invalid under the Fourteenth Amendment, since it denies to the plaintiff that free use of the streets which is accorded to all other private and commercial vehicles,

without any sufficient right of classification being exercised.

While the above contentions are urged upon the court by full arguments and with the citation of numerous authorities, we do not consider it necessary, as we have stated, here and now to decide the questions raised. They are referred to solely as showing the substantial character of claims of unconstitutionality and invalidity, and as suggesting the fair probability of the plaintiff being able to make such a showing by evidence as to entitle it to the relief sought. Under such circumstances we think the court below acted upon a mistaken view of the applicable law and that the temporary injunction should have been granted.

The interlocutory order of the court below, refusing temporary injunction, is reversed, and the cause is remanded with instructions to grant the temporary injunction and hear the case upon the merits.