### SPECIAL SCHOOL DIST. OF MALVERN, HOT SPRING COUNTY, ARK., et al. v. SPEER.

#### No. 10077.

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1935.

Thomas S. Buzbee, of Little Rock, Ark. (John L. McClellan and H. B. Means, both of Malvern, Ark., and H. T. Harrison, A. S. Buzbee, and E. L. Wright, all of Little Rock, Ark., on the brief), for appellants.

Wallace Townsend, of Little Rock, Ark. (S. L. White, of Little Rock, Ark., on the brief), for appellee.

Before GARDNER, SANBORN, and VAN VALKENBURGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal taken under authority of section 227, title 28 USCA, from an order of the lower court refusing to dissolve an interlocutory injunction against the defendants, restraining them from paying out any money which they or any of them might have or receive for the benefit or credit of the school district, or accepting in payment of any taxes due the school district any of its school warrants, pending final disposition of the cause.

The appellants were defendants below, and we shall refer to the parties as they appeared in the lower court.

It is alleged in the complaint that plaintiff is the trustee for the holders of certain bonds issued by the defendant school district; that the defendant Fisher is the collector, and the defendant Gilchrist the treasurer of the school district; that the district issued $150,000 of its bonds in May, 1926, and is in default in the payment of interest coupons on said bonds in the aggregate amount of $15,000; that the defendant district mortgaged as security for these bonds its real property; that in its deed of trust securing the bonds, it agreed to set up a building fund from which to retire the bonds at maturity; that it pledged this fund for the payment of the bonds, and made the bonds a first lien upon all the revenues of the district; that in violation of its pledge, it has diverted the moneys which should go into this fund to other purposes; that unless restrained by order of the court it will continue to divert its revenues; that the district is about to receive the 1933 tax revenues which should go to the plaintiff; that the defendants Fisher and Gilchrist will accept outstanding warrants issued by the defendant district in payment of the 1933 taxes and in payment of past due taxes, and that the acceptance of such outstanding warrants will defeat the pledge of the defendant district of its revenues; that the defendant district continues to issue and register warrants pursuant to Act No. 24 of the Acts of the General Assembly of Arkansas for the year 1933 (page 55); and that in so far as said act undertakes to make all warrants payable in order of their registration, and to make all the funds of the district subject to payment of registered warrants, it impairs the obligation of the contract of May 4, 1926, between plaintiff and defendant district.

The defendants filed answer, admitting the issuance of the bonds described in the complaint and the execution of the deed of trust, and specifically denying other allegations of the complaint, which are not, however, pertinent to this appeal. The answer denied that the district agreed to set up a building fund to retire the bond issue at maturity and make it a first lien on all the revenues of the district. It denied that the district pledged that no portion of the building fund should be used for any other purpose until the bonds secured had been paid. It alleges that the board of directors of the defendant district undertook to set up a building fund and pledged the same to the retirement of the bonds, and that

if the board of directors made the building fund a first lien on the revenues of the district, that such act of the board of directors was not within its powers conferred by the laws and Constitution of the state of Arkansas, but was ultra vires and void. The answer affirmatively alleges that the electors of the school district had not, prior to the execution of the deed of trust, voted any tax as a building fund, and had not authorized the pledging of any part of the revenues as a building fund. The answer contains other allegations which do not seem to be material to the issues presented on this appeal.

On behalf of the appellants it is urged that the court erred in refusing to dissolve the interlocutory injunction because under the statutes of Arkansas the directors of the defendant school district had no authority to create or pledge a building fund, and that the decisions of the Supreme Court of Arkansas, as applied to the facts in this case, do not impair the obligations of the contract.

On behalf of appellee it is urged that under the statutes and decisions of the Supreme Court of Arkansas, and under the decisions of the federal courts, the directors of the school district had full authority to create and pledge a building fund to secure payment of the bonds in question.

Counsel for the respective parties have cited numerous statutes of the state of Arkansas said to be pertinent, and have reviewed many decisions of the Supreme Court of Arkansas claimed by analogy to have a bearing on the issues presented. It is perhaps sufficient to say that the case presents difficult and doubtful questions of law, including the question of the constitutionality of certain state statutes as applied to the facts involved.

In the circumstances of this case, we do not deem it necessary, nor indeed proper, to pass on the merits of this controversy. Ordinarily, the appellate court will not go into the merits of the case further than necessary to determine whether the lower court exceeded its discretion, as the granting or dissolution of an interlocutory injunction rests in the sound judicial discretion of the trial court, and not in the discretion of the appellate court.

The question is not, therefore, whether or not we should have made the order, but whether the trial court has departed from the rules and principles of equity in making

the order. American Grain Separator Co. v. Twin City Separator Co. (C. C. A. 8) 202 F. 202, 206; Allen v. Omaha Live Stock Commission Co. (C. C. A. 8) 275 F. 1, 3; City of Winfield v. Wichita Natural Gas Co. (C. C. A. 8) 267 F. 47; El Dorado & W. Ry. Co. v. Chicago, R. I. & P. Ry. Co. (C. C. A. 8) 5 F.(2d) 777; Security Metal Products Co. v. Kawneer Co. (C. C. A. 8) 14 F.(2d) 569, 573; Magruder v. Belle Fourche Valley, etc., Ass'n (C. C. A. 8) 219 F. 72; Eagle Glass & Mfg. Co. v. Rowe, 245 U. S. 275, 38 S. Ct. 80, 62 L. Ed. 286; Meccano v. Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 64 L. Ed. 822; Prendergast et al. v. New York Tel. Co., 262 U. S. 43, 43 S. Ct. 466, 67 L. Ed. 853.

Judge Walter H. Sanborn, speaking for this court, in American Grain Separator Co. v. Twin City Separator Co., supra, said: "The granting or dissolution of an interlocutory injunction rests in the sound judicial discretion of the court of original jurisdiction, and, where that court has not departed from the rules and principles of equity established for its guidance, its orders in this regard may not be reversed by the appellate court without clear proof that it abused its discretion. The question is not whether or not the appellate court would have made or would make the order. It is to the discretion of the trial court, not to that of the appellate court, that the law has intrusted the power to grant or dissolve such an injunction, and the question here is: Does the proof clearly establish an abuse of that discretion by the court below?"

In Allen v. Omaha Live Stock Commission Co., supra, it is said: "But ordinarily the appellate court on such an appeal will not go into the merits of the case, further than necessary to determine whether the trial court exceeded a reasonable discretion in making the order, especially where the rights of the parties can only be determined upon full proof of the facts."

An examination of the record discloses the execution of the bonds, the default in payment of interest thereon, the execution of the trust deed, which in form admittedly pledges the district to establish a building fund, and pledges the revenues to sustain such fund. Whether or not the defendants may defeat these contracts depends upon the construction to be given to certain statutes of Arkansas and certain decisions of the Supreme Court of Arkansas, and may involve the question of the constitutionality of certain of these statutes. In this condition of the record, we are clear that we should not attempt to pass on the merits of this case, and we refrain from expressing any opinion on its merits, further than to say that it involves difficult, if not doubtful, questions of law. As said by Judge Booth in Security Metal Products Co. v. Kawneer Co., supra: "We find no obvious misunderstanding of the facts or palpable misapplication of well-settled rules of law on the part of the trial judge. The questions involved were grave and difficult, questions of fact, or of mixed law and fact."

There has been no departure by the lower court from the principles of equity, and hence it cannot be said that there was an abuse of discretion. The order appealed from is therefore affirmed.