CITIZENS OF PIPESTONE v. CHICAGO, MILWAUKEE & ST.
PAUL RAILWAY COMPANY AND ANOTHER.[1]

April 23, 1926.

No. 25,338.

**After reargument order of Railroad Commission for connecting switch
vacated.**

[1.  An order of the Railroad and Warehouse Commission requiring
reciprocal connecting switch at the intersection of two interstate rail-
roads to facilitate the transfer of carlot shipments, *held* not to impede
or regulate interstate traffic and to be lawful and reasonable.

[2.  *Held* that connecting switch does not constitute an extension of
either line of road within the meaning of Interstate Commerce Act.

[3.  The order of the commission having been made and filed before
the receivership was ·inaugurated and the receivers not having ap-
peared in opposition thereto, the question of enforcement of the order
is not for consideration.]   See infra, page 177.

Appeal and Error, 4 C. J. p. 649 n. 36.
Commerce, 12 C. J. p. 73 n. 75, p. 74 n. 79.

---

See notes in 28 L. R. A. (N. S.) 1013; L. R. A. 1916E, 682; L. R. A.
1918B, 795; 3 R. C. L. 681; 1 R. C. L. Supp. 1196.
See note in 22 A. L. R. 1078.

The Chicago, Milwaukee & St. Paul Railway Company appealed
from a final judgment of the district court for Pipestone county,
Nelson, J., affirming the order of the Railroad and Warehouse Com-
mission against it requiring a connecting switch at the intersection
of two interstate railroads suitable for transfer of carlot shipments.
Reversed after reargument.

*F. W. Root, C. O. Newcomb* and *A. C. Erdall,* for appellant.

*Clifford L. Hilton,* Attorney General, *Ernest C. Carman,* Assistant
Attorney General, and *M. Ted Evans,* for respondents.

QUINN, J.
This is an appeal by the defendant Chicago, Milwaukee & St. Paul

[1]Reported in 208 N. W. 809, 209 N. W. 913.

Railway Company from a final judgment entered against it in the district court of Pipestone county on July 16, 1925, which presents the following state of facts:

Pipestone is a city of about 3,000 population and is served by four interstate railroads—the Great Northern, the Chicago, Milwaukee & St. Paul, the Omaha and the Rock Island—all of which intersect with the others at Pipestone. The Rock Island has track connections with the Great Northern and with the Milwaukee, but the transferring of cars from the Great Northern over the Rock Island to the Milwaukee, or the reverse thereof, requires at least 48 hours. However, such transfers may be made under the present conditions.

Practically all of the industries at Pipestone are located on and served by the Milwaukee. Application was made in due form by divers citizens of the locality and filed with the Minnesota Railroad and Warehouse Commission to compel the Milwaukee and the Great Northern to construct and maintain suitable track connections between their lines of road for the interchanging of carlot shipments. The application was heard by the commission on April 9, 1924, at which time the Milwaukee objected to the jurisdiction of the commission upon the ground that it had no jurisdiction over the subject-matter involved. On April 30, 1924, the commission issued an order requiring such companies to construct and maintain an interchange track connecting their lines in accordance with the application. By the terms of the order, each company is required to bear the cost of installing the portion of the connecting track to be located on its own right of way and each to pay one-half of the balance of cost. The Milwaukee appealed from the order of the commission to the district court. The matter was reached for trial on May 21, 1925, when the appellant, after stipulating the facts, moved for a dismissal of the cause upon the ground that its property was all in the hands of receivers appointed by the United States District Court on March 18, 1925. The order appointing the receivers contained the usual provisions restraining all persons and parties from in any manner disturbing or interfering with any of the property or assets which the receivers may possess, and from in-

terfering with such receivers in the discharge of their duties in operating and using such property and assets under the order of the court appointing them.

Two general questions are presented: Has the commission authority to compel the appellant, it being in the hands of a receiver appointed by a Federal court, to install a connecting track with another company's line of road, and has it authority to require such connections between interstate railroads? It does not appear whether the proposed track would affect switching charges or not, but it is apparent that the haul would not be extended. If the proposed track would extend either line into other territory it would, under the Federal decisions, constitute an extension within the meaning of subd. 18 of § 1 of the Interstate Commerce Act, § 8563 Ann. 1923 Supp. U. S. Comp. St. 1916, and the Interstate Commerce Commission would have exclusive jurisdiction in the premises. El Dorado & W. Ry. Co. v. Chicago, R. I. & P. Ry. Co. (C. C. A.) 5 F. (2d) 777; Detroit & M. Ry. Co. v. Boyne City, G. & A. R. Co. (D. C.) 286 F. 540.

The contemplated switch, if installed, would merely connect the two adjacent lines so as to facilitate the transferring of cars from one line to the other, thereby saving distance and time where a more cumbrous and dilatory system now prevails to accomplish the very same object. The installing of such a connecting switch will not, in our opinion, amount to an extension within the meaning of the act nor would it regulate or impede interstate commerce.

Section 3 of the Interstate Commerce Act as amended by § 405 of the Transportation Act of 1920, § 8565 of 1923 Cumulative Supp. U. S. Comp. St. 1916, is not controlling.

The Minnesota Railroad and Warehouse Commission obtains its power and jurisdiction from L. 1895, p. 213, c. 91 (G. S. 1923, § 4849), which was reviewed in the case of Jacobson v. W. M. & Pac. R. Co. 71 Minn. 519, 74 N. W. 893, 40 L. R. A. 389, 70 Am. St. 358; Id. 179 U. S. 287, 21 Sup. Ct. 115, 45 L. ed. 194. In the instant case, the district court had under review an order of the commission, upon appeal, requiring appellant and the Great Northern to construct a

track connecting their lines within the city of Pipestone, suitable for the interchanging of car-lot shipments of freight between their lines. It is stated in the order appealed from that the present track connection between the lines in question is through an existing connection between the Rock Island and the Great Northern, and by the Rock Island to the Milwaukee; that the minimum time required to make a transfer through the Rock Island to the Milwaukee or to the Great Northern, is 48 hours and that frequently it requires much longer time. The sole power of the district court upon appeal from such an order, as provided by G. S. 1923, § .4651, is as follows:

"If said court shall determine that the order appealed from is lawful and reasonable, it shall be affirmed and the order enforced as provided by law. If it shall be determined that the order is unlawful or unreasonable it shall be vacated and set aside."

The order of the commission was made before the appellant's property went into the hands of a receiver. The order of the district court held that the order of the commission was lawful and reasonable and should be affirmed. That appellant's property had fallen into the hands of three receivers, in no way affected the jurisdiction of the court. It is unimportant, for the purpose of this appeal, whether appellant has sufficient property in its possession so as to enable respondent to enforce the order of the commission. That order having been made and entered before the appointment of the receivers, and the receivers not having appeared in opposition thereto, the question of the enforcement of the order is not here for consideration.

Affirmed.

On July 23, 1926, the following opinion was filed:

AFTER REARGUMENT.

PER CURIAM.

After the opinion herein was filed the Supreme Court of the United States, on May 24, 1926, decided the case of Alabama & Vicksburg Ry. Co. v. Jackson & E. Ry. Co. 271 U. S. ——, 46 Sup.

Ct. 535, 70 L. ed. 584, wherein it was held that the Transportation Act of 1920, c. 91, 41 St. 456, conferred upon the Interstate Commerce Commission more comprehensive powers in reference to the control over junctions or physical connections between interstate railroads than the commission possessed when Wisconsin, M. & P. Ry. Co. v. Jacobson, 179 U. S. 287, 21 Sup. Ct. 115, 45 L. ed. 194, was determined. In the opinion it is stated that the jurisdiction of the commission over such connections must be held exclusive. As we read this latest utterance of the Supreme Court the compelling of a junction between two railroads, carriers of interstate commerce, so that cars may be transferred or routed from one to the other, as was petitioned for in the case at bar, comes within the sole jurisdiction of the Interstate Commerce Commission.

We are unable to see any substantial difference in the situation presented here from that which existed in Alabama & V. Ry. Co. v. Jackson & E. Ry. Co. supra. Therefore, the objection by appellant to our State Railroad and Warehouse Commission assuming jurisdiction to act in the premises should have been sustained.

The former opinion herein is set aside, the judgment appealed from is reversed, and the cause is remanded with directions to enter judgment vacating the order of the State Railroad and Warehouse Commission, filed herein.